Jeffery Martin GREER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00639–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 29, 1999.

Rehearing Overruled Sept. 2, 1999.

Douglas H. Pettit, Houston, for appellants.

Robert F. McStay, Jr., Houston, for appellees

Panel consists of Justices YATES, LEE and DRAUGHN.*

## OPINION

LESLIE BROCK YATES, Justice.

Appellant, Jeffery Martin Greer, appeals the trial court's revocation of his probation. On September 9, 1992, the 182nd District Court sentenced appellant to probation for the offense of indecency with a

* Senior Justices Norman Lee and Joe L. Draughn sitting by assignment.

child. Pursuant to this probation, appellant signed a document outlining the conditions of his probation. On April 12, 1996, Judge Barr, a former prosecutor in the 182nd Judicial District at the time appellant received probation, modified these conditions. Judge Barr added a condition prohibiting appellant from having contact with minors.

One condition of probation required appellant to participate in a treatment program for sex offenders. In order to advance to the next level of treatment, appellant was obligated to submit to a polygraph examination. During the pretest interview, appellant admitted to the examiner that he had contact with minors and possessed child pornography via the Internet. Based on this information, the State filed a motion to revoke probation, alleging that appellant failed to comply with the conditions of his probation; specifically, appellant failed to report to his probation officer in June of 1996 and had contact with a minor. Judge Barr signed this motion on April 17, 1997. In response, appellant filed a motion to quash, asserting, *inter alia,* that the condition added by Judge Barr was improperly imposed, having been set by a judge who was previously a prosecutor on the case. Subsequently, Judge Barr transferred the case to the 232nd District Court with the latter's consent.

In its first amended motion to revoke, the State added an allegation claiming appellant committed an offense in violation of the laws of the State, namely, possession of child pornography via the Internet. After a hearing on the motion, the trial court found each allegation to be true, revoked appellant's probation, and sentenced appellant to ten years' imprisonment.

In eight points of error, appellant challenges the sufficiency of the evidence and contends the trial court erred in: (1) denying his motion to quash; (2) transferring his case to the 232nd District Court; (3) allowing testimony from a polygraph examiner when the examiner failed to Mir-

andize appellant; (4) admitting evidence concerning the existence and result of a polygraph examination; and (5) permitting hearsay testimony. We affirm.

## STANDARD OF REVIEW

A proceeding to revoke probation is not criminal or civil, but rather an administrative proceeding. *See Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); *Burke v. State,* 930 S.W.2d 230, 232 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). In a probation revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *See id.* Proof of a single violation is sufficient to support a revocation. *See id.*

Appellate review of the evidence is limited to determining whether the trial court abused its discretion in revoking the defendant's probation. *See id.* In conducting this review, the appellate court will view the evidence in the light most favorable to the trial court's order. *See id.* The trial court is the exclusive judge of the credibility of the witnesses and determines if the allegations in the motion are sufficiently demonstrated. *See id.; Galvan v. State,* 846 S.W.2d 161, 162 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

## SUFFICIENCY OF THE EVIDENCE

In his sixth point of error, appellant challenges the sufficiency of the evidence to support revocation. In the State's amended motion to revoke, the State alleged three violations of the terms and conditions of probation: (1) appellant possessed child pornography; (2) appellant failed to report to his probation officer in June of 1996; and (3) appellant had contact with minors. Appellant contends the evidence does not support these allegations.

a. Possession of Child Pornography

The State's motion to revoke probation alleged that appellant committed an

offense against the laws of the State, namely, possession of child pornography. Appellant asserts, however, that the evidence is insufficient to support revocation on this particular allegation because the evidence presented did not establish appellant committed an offense against the laws of the State. We agree.

Section 43.26 of the Penal Code prohibits a person from knowingly "possessing visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct." TEX. PEN. CODE ANN. § 43.26 (Vernon Supp.1999). Visual material is defined in the code to encompass any disk, diskette, or other physical medium that allows an image to be displayed on a computer. *See id.* This statute came into effect on September 1, 1997. *See* Act of May 23, 1997, 75th Leg., R.S., ch. 933, § 1, 1997 Tex. Gen. Laws 2931, 2932.

In the present case, the record reflects appellant possessed child pornography via the Internet between the months of February and March of 1997. At the time, it was a crime to knowingly possess materials containing a *film image* of child pornography. *See* TEX. PEN.CODE ANN. § 43.26 (Vernon 1994). "Film image" included a photograph, slide, negative, film, or videotape. *See id.* § 43.26(b)(1). The statute did not proscribe the possession of child pornography via the Internet. As a consequence, appellant's action was not an offense against the laws of the State. Therefore, there is no evidence supporting revocation on the State's allegation that appellant committed an offense in violation of the laws of the State.

### b. Contact with Minors

■ In the interest of brevity, we will address appellant's first point of error simultaneously with his sufficiency challenge. In his first point of error, appellant contends that the trial court erred in failing to quash that portion of the State's motion to revoke probation that alleged a violation of the condition prohibiting him from having contact with minors. On April 12, 1996, Judge Barr, a former prosecutor for the 182nd District Court, modified appellant's conditions of probation by adding a provision prohibiting appellant from having contact with minors. Appellant argues this condition is void because it was ordered by a disqualified judge. We agree.

■ A judge is prohibited by the Texas Constitution and by statute from sitting in any case where she has been counsel. *See* TEX. CONST. art. V, § 11; TEX.CODE CRIM. PROC. ANN. art. 30.01 (Vernon Supp. 1999). The disqualification of a judge may not be waived by consent of the parties, and the issue may be raised at any time. *See Gamez v. State,* 737 S.W.2d 315, 318 (Tex.Crim.App.1987). Any act by a disqualified judge is a nullity. *See Davis v. State,* 956 S.W.2d 555, 558, 559 (Tex.Crim. App.1997).

■ The record in the present case reveals that after the State's motion was filed and signed by Judge Barr, she recused herself and ordered the case to be transferred to the 232nd District Court.[1] Judge Barr noted on the transfer order that "[defendant] rec'd prob. in 182[nd]— Judge prosecutor;" the record is otherwise silent regarding Judge Barr's involvement

---

1. In a related point of error (point of error two), appellant claims the trial court erred in transferring his case to the 232nd District Court in violation of article 42.12, section 10 of the Code of Criminal Procedure. Appellant contends that the administrative judge of the 182nd court should have appointed a special judge to hear the allegations contained in the State's motion, rather than transferring the case to the 232nd court. Article 42.12, section 10, however, provides that the court in which a defendant was tried may transfer jurisdiction of the case to another court with the latter's consent. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 10 (Vernon Supp.1999). In the present case, the 182nd court obtained the consent of the 232nd court, therefore, the transfer was proper. Consequently, appellant's second point of error is overruled.

in the underlying case. Consequently, we can only infer from these facts that Judge Barr was a prosecutor for the 182 nd Judicial District at the time appellant received probation in the same court; thus, Judge Barr was disqualified from hearing the State's motion to revoke. Therefore, any action taken by Judge Barr regarding appellant's probation is void. As a result, the trial court erred in failing to quash that portion of the State's motion alleging that appellant violated his probation by having contact with a minor. Accordingly, we sustain appellant's first point of error. Further, because we have concluded that the condition is void, we need not address whether the evidence is sufficient to support the trial court's order to revoke on that ground.[2]

### c. Failure to Report

▮ Appellant next challenges the sufficiency of the evidence to support revocation on the State's last allegation, appellant's failure to report to his probation officer in June 1996. In related arguments, points of error seven and eight, appellant argues his probation officer's testimony, which was derived from his probation file, was admitted in violation of TEX.R. EVID. 803(8)(B) and the Sixth

Amendment of the United States Constitution. Again, in the interest of brevity, we will address these points together.[3]

At the hearing, the State elicited testimony from appellant's probation officer regarding appellant's alleged failure to report in June 1996. However, the witness was not the probation officer in charge of appellant's case at the time of the alleged violation, and his testimony was, therefore, limited to interpreting the contents of appellant's probation file.[4] The State tendered this evidence under rule 803(6), which provides an exception to the hearsay rule for records kept in the course of a regularly conducted business activity. Notwithstanding, appellant asserts that evidence admissible under rule 803(6) may still be inadmissible if it fails to meet the requirements of rule 803(8)(B).

Rule 803 provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(8) Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth:

. . . .

---

**2.** Pursuant to our ruling on point of error one, we also need not address the merits of appellant's third, fourth and fifth points of error. In his fifth point of error, appellant argues that the trial court erred in admitting testimony concerning the existence and results of a polygraph examination. Specifically, appellant asserts that the relevant evidence was derived from his admission during a pre-test interview of having contact with minors. According to appellant, this testimony was inadmissible under the rules prohibiting the admission of evidence regarding the existence or results of a polygraph examination. In his third point of error, appellant contends the trial court erred in admitting the polygraph examiner's testimony because the examiner failed to give appellant Miranda warnings. Point of error four complains that testimony from the polygraph examiner should have been excluded under TEX.R. EVID. 510. However, because this condition is void, evidence regarding appellant's alleged violation is moot. Therefore, whether the trial court

erred in admitting testimony from the polygraph examiner is no longer an issue.

**3.** In his eighth point of error, appellant contends the trial court erred in admitting the hearsay testimony of his probation officer in violation of his Sixth Amendment right to confront witnesses. However, appellant has failed to adequately brief the court on this point, and has waived error. *See* TEX.R.APP. P. 38.1(h).

**4.** The probation records contained an entry indicating that appellant failed to report as scheduled on June 13, 1996. No reason was provided for appellant's failure to report and appellant did not report in the entire month of June. On cross-examination, the witness was asked if, although no notation was made in the file, appellant could have reported. The witness stated, "Anything is possible." The file showed appellant did report on July 3, 1996.

(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding in criminal cases matters observed by police officers and other law enforcement personnel* . . . .

TEX.R. EVID. 803(8)(B) (emphasis added). Appellant contends that rules 803(6) and 803(8)(B) have been interpreted by the Court of Criminal Appeals in *Cole v. State,* 839 S.W.2d 798 (Tex.Crim.App.1990), in such a way that reports not satisfying the standards of rule 803(8)(B) may not qualify for admission under rule 803(6). In *Cole,* the State sought to introduce hearsay statements contained in letter reports from a chemist employed by the Texas Department of Public Safety (DPS). *See id.* at 800. In the reports, the chemist disclosed the results of tests conducted upon physical evidence collected at the medical examination of the sexual assault victim. *See id.* In the absence of the chemist, the supervising chemist with the same DPS laboratory was allowed to testify over appellant's hearsay objection as to the tests conducted and the results of the tests shown in the reports. *See id.* The State tendered the evidence under rule 803(6). *See id.* Appellant contended that the admission of the hearsay statement of the chemist through his supervisor's testimony was in contravention of rule 803(8)(B), which prohibits as hearsay "matters observed by police officers and other law enforcement personnel." *See id.*

The Court employed a two-pronged test in resolving this issue: (1) whether the reports were objective, routine, scientific determinations of an unambiguous factual nature prepared by officials with no inherent motivation to distort the results, and (2) the adversarial context in which the relevant tests were conducted. *See id.* at 809. Concluding that rule 803(8)(B) applied to prohibit the testimony of the chemists, the Court reasoned that the chemists were "law enforcement personnel" within the meaning of rule 803(8)(B) because they were important participants in the investigation and prosecution. *See id.* at 803. The Court concluded by noting that perhaps the most important factor in its determination lay in the reason for the reports' preparation; "the reports were not prepared for purposes independent of specific litigation, nor were they ministerial, objective observations of an unambiguous factual nature." *Id.* at 805.

■ Employing this two-pronged test, we will now analyze whether the trial court erred in admitting the probation officer's testimony. Appellant's probation file contains information that is objective and routine. Whether appellant failed to report to his probation officer in June 1996 is an unambiguous factual matter and is not an issue susceptible to any degree of subjectiveness by the probation officer. Furthermore, the nature of probation is rehabilitative; the records prepared by probation officers are not done in either an adversarial or investigative context. *See Garcia v. State,* 868 S.W.2d 337, 342 (Tex. Crim.App.1993) (concluding that autopsy reports are not necessarily prepared in contemplation of litigation or in an adversarial context). Consequently, we hold that the probation file satisfies the requirements of rule 803(8)(B) because it does not constitute a matter observed by "other law enforcement personnel," and, therefore, was admissible.

■ Turning now to appellant's sufficiency challenge, we first note that as an appellate court we are restricted in our review. The trial court is the exclusive judge of the credibility of the witnesses and determines whether the allegations in the motion to revoke are sufficiently demonstrated. *See Burke,* 930 S.W.2d at 232. Although we recognize the evidence is slim at best, we will not substitute our judgment for that of the trial court. Accordingly, we conclude there is sufficient evidence in the record to sustain the State's burden of proving by a preponderance of the evidence appellant's failure to report in June 1996. Therefore, appellant's sixth point of error is overruled.

Having found proof of a single violation of probation, we are compelled to affirm the trial court's order in revoking appellant's probation.