NO. 07-01-0082-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 30, 2001



______________________________




CHRISTOPHER D. BROWN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431758; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Upon a plea of guilty, on July 27, 2000, appellant Christopher D. Brown was
convicted of possession of a controlled substance, a state jail felony, and punishment was
assessed at 18 months confinement. The trial court suspended the imposition of sentence
and placed appellant on community supervision for three years. Upon the State's motion
to revoke community supervision for alleged violations of the terms and conditions thereof,
the trial court held a hearing and after evidence was presented, the trial court revoked
appellant's community supervision and imposed the original sentence of 18 months
confinement. 

 After a careful examination of the judgment revoking community supervision, we are
unable to determine the date sentence was imposed in open court. The date sentence is
imposed is essential in determining the time in which to perfect an appeal. Tex. R. App.
P. 26.2. Thus, we now abate and remand the cause to the trial court for a determination
of the appropriate sentencing date. We direct the trial court clerk to forward a corrected
order revoking community supervision that reflects the sentencing date to the Clerk of this
Court in a supplemental clerk's record by Monday, April 16, 2001.

 It is so ordered.

 Per Curiam

Do not publish.



Hidden="true" DefQFormat="false" DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00363-CR; 07-10-00364-CR; 07-10-00365-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
11, 2011

 



 

MANDY KAY RIPPETOE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 31ST AND 223RD DISTRICT COURTS OF GRAY COUNTY;

 

NO. 7227, 7228, 7388; HONORABLE LEE WATERS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Mandy Kay Rippetoe, appeals the revocation of her
community supervision in three causes, and imposition of sentences of
incarceration in each.  We affirm the
judgments of the trial court.

Background

            On
or about March 31, 2006, appellant was indicted for the offenses of arson
(trial court cause number 7227) and debit card abuse (trial court cause number
7228).  While appellant was awaiting
trial on those charges, on September 26, 2006, the State filed an information against appellant charging her with the
offense of burglary of a habitation (trial court cause number 7388).  On September 27, 2006, appellant waived her
right to an indictment on the burglary of a habitation charge and pled guilty
to each of the charged offenses. 
Appellant was sentenced to 10 years incarceration for the arson charge,
but that sentence was suspended and appellant was placed on community
supervision for seven years and ordered to pay $4,629 in restitution.  Appellant was sentenced to two years
incarceration for the debit card abuse charge, but that sentence was also
suspended for a period of three years community supervision and a $1,500
fine.  On the burglary charge, appellant
was sentenced to 10 years incarceration, which was suspended for a period of 10
years community supervision and a $1,500 fine.

            The
State filed a motion to revoke appellants community supervision in trial court
cause number 7388 on November 3, 2008. 
It then filed motions to revoke on the other two causes on November 12,
2008.  Each of these motions was amended
multiple times.  On June 10, 2009,
appellant pled true to all of the allegations in the live motion relating to
cause number 7388, and the trial court continued appellant on community
supervision with the added conditions that appellant was required to report
twice monthly and serve 30 days in the Gray County Jail.  

            On
November 19, 2009, the State filed a new motion to revoke in cause number
7388.  On September 10, 2010, the trial
court called all three causes for hearing[1]
on the States live motions.[2]  Following a hearing, during which appellant
pleaded true to certain allegations and not true to others, the trial court
sentenced appellant to seven years incarceration in cause numbers 7227 and
7388, and two years incarceration in cause number 7228. Each of the sentences
was ordered to run concurrently.

            Appellant
has appealed this judgment by one issue. 
Appellant contends that the trial court abused its discretion by
admitting documentary evidence that constituted inadmissible hearsay.

Analysis

            The
documentary evidence challenged by appellants issue is a Request/Response
Form purportedly from appellants Potter County community supervision
officer.  This form indicates that
appellant failed to report to the Potter County Community Supervision
Department for the months of July through September of 2009.  It also identifies appellants current
address in Amarillo.  At most, this
document would evidence appellants violation of the community supervision
conditions that she report to the Potter County Community Supervision
Department on a monthly basis and that she obtain permission before changing
her place of residency.  However, this
evidence has no relevance to any of the other violations of the conditions of
community supervision alleged by the States motions.

            To
support a revocation of community supervision, the State must prove by a
preponderance of evidence that the defendant violated a condition of his
community supervision.  Greer v. State,
999 S.W.2d 484, 486 (Tex.App.Houston [14th
Dist.] 1999, pet. refd) (citing Cobb v. State,
851 S.W.2d 871, 873 (Tex.Crim.App. 1993)).  Proof of a single violation is sufficient to
support a revocation.  Id.  When reviewing a trial courts order revoking
community supervision, appellate courts must determine whether the trial court
abused its discretion.  Id.  In making this determination, the reviewing
court will view the evidence in the light most favorable to the order.  Id. 
A plea of true to an alleged violation of a condition of community
supervision, standing alone, is sufficient to support the revocation of
community supervision.  Hays v. State,
933 S.W.2d 659, 661 (Tex.App.San Antonio 1996, no
pet.) (citing Moses v. State, 590 S.W.2d 469,
470 (Tex.Crim.App. [Panel Op.] 1979)).

            In
the present case, appellant pled true to violations of the conditions of her
community supervision in each of the three causes, specifically that she was
delinquent in payment of restitution, fines, and/or costs applicable to each
case.  Further, other violations
unrelated to any information contained in the Request/Response Form
challenged by appellant in this appeal were found true by the trial court.  In fact, in her brief, appellant properly
concedes that the trial court had before it other violations of community
supervision on which it could legitimately base its decision to revoke
[appellants community supervision].  As
such, the trial courts admission of the Request/Response Form into evidence,
even if erroneous, would not justify this Court reversing the trial courts
judgment.  See Greer,
999 S.W.2d at 486 (proof of single violation sufficient to support revocation);
Hays, 933 S.W.2d at 661 (plea of true to a violation, standing alone,
sufficient to support revocation). 
Consequently, we must overrule appellants issue.

            Appellant
urges this Court to reverse the trial courts findings of violations of
appellants duty to report[3]
and to remand to the trial court for reconsideration because, without the
failure to report violations, the trial court may very well have given
[appellant] the benefit of the doubt given the hardships in her life.  A similar argument was rejected by our sister
court in Sanders v. State, 657 S.W.2d 819 (Tex.App.Houston
[1st Dist.] 1983, no pet.) (op. on rehg).  We agree
with the Sanders courts analysis of this argument.

Conclusion

            Having
overruled appellants sole issue, we affirm the judgments of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.  

 

 











 

[1] 
By order of the trial court, these three causes were consolidated for
trial.





[2] At the September 10,
2010 hearing, the trial court acknowledged that some of the allegations
contained in the live motions had already been decided by appellants plea of
true on June 10, 2009.  To the extent
that any alleged violation in cause numbers 7227 and 7228 were addressed in the
June 10, 2009 hearing on cause number 7388, the trial court acknowledged that those
had already been determined.  Therefore,
the September 10, 2010 hearing addressed only those allegations that were not
previously determined in June of 2009.





[3] It is unclear to
this Court how a determination that the Request/Response Form was erroneously
admitted into evidence would have any bearing on the trial courts
determination that appellant failed to report to the Gray County Community
Supervision Department as required by the conditions of her community
supervision.