Affirmed and Memorandum Opinion filed June 29, 2004












Affirmed and Memorandum Opinion filed June 29, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00589-CR

____________

 

JOSE WILLIAM RIVAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 32,928

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jose William Rivas appeals from
the trial court=s revocation of his probation.  After entering a plea of guilty to the
original charge of possession of a controlled substance on August 29, 2000,
appellant was placed on probation for two years.  On April 15, 2003, the trial court found that
appellant violated the conditions of his probation by  passing a forged Social Security card and
failing to pay the probation supervision fee of forty dollars for the month of
December 2002.  Accordingly, the trial
court sentenced appellant to one year of incarceration.








Appellant presents three issues for review
in this appeal.  He argues that the trial
court abused its discretion in admitting into evidence (1) a copy of the
allegedly forged Social Security card passed by appellant and (2) the original
Social Security card appellant had in his possession at the revocation hearing.  He also contends that (3) the State failed to
prove that his non-payment of probation fees was intentional or willful.  Because appellant=s third issue is
dispositive of this appeal and clearly settled in law, we issue this memorandum
opinion. See Tex. R. App. P. 47.4.  We affirm.

In his third issue, appellant argues that
the State failed to prove that his non-payment of probation fees was
intentional or willful.  However, the Texas Court of Criminal
Appeals has held that Awhen inability to pay is not raised as an affirmative defense
the State has discharged its burden [of proving failure to pay was intentional]
without difficulty.@ See Stanfield v. State, 718 S.W.2d 734, 738 (Tex. Crim. App. 1986).  Because appellant did not raise the issue of
inability to pay, we overrule appellant=s third issue. 
Since proof of a single violation is sufficient to support revocation,
we find that the trial court did not abuse its discretion in revoking appellant=s probation.  See Greer v. State, 999 S.W.2d 484, 486 (Tex.
App.CHouston
[14th Dist.]
1999, pet. ref=d). 
Accordingly, we do not need to either address the other grounds
supporting revocation or reach appellant=s other issues.

The judgment of the trial court is
affirmed.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 29, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).