Affirmed and Memorandum Opinion
filed May 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00085-CR



Antwon Desha
Slack, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 262nd District Court

Harris County, Texas

Trial Court
Cause No. 1140294



 

M E M O R A N D U M   O P I N I O N


This is an appeal from a judgment revoking
probation.  Appellant, Antwon Desha Slack, pleaded guilty to felony forgery. 
The trial court accepted appellant’s plea of guilty and assessed punishment at
two years’ deferred adjudication probation.  Subsequently, the State filed a
motion to revoke appellant’s probation, alleging numerous probation
violations.  At the adjudication hearing, appellant pleaded true to the State’s
allegations, and the trial court found the allegations to be true.  Appellant
was sentenced to 20 months in prison.  In his sole issue, appellant contends
that his plea of true to one of the State’s violation allegations was
involuntary.  We affirm.

I.  BACKGROUND

Appellant was charged with felony forgery of a
commercial instrument in Harris County.  He pleaded guilty to the offense.  On
November 16, 2007, the trial court deferred its finding of guilty and placed
appellant on probation for two years.  Among the conditions of appellant’s probation,
he was required to commit no criminal offense in the State of Texas and to report
monthly to an assigned probation officer.  After having been placed on probation,
appellant moved to and resided in Tarrant County.  However, appellant was not
assigned a Tarrant County probation officer to whom he could report monthly. 
Accordingly, appellant did not report to a probation officer for the months
after his move to Tarrant County.  

Just a month after having been placed on probation in
Harris County, appellant was convicted of possession of a controlled substance,
cocaine, in Tarrant County for which he served 30 days in county jail.   Two
months later, the State filed a motion to revoke appellant’s probation in
Harris County, alleging that appellant had (1) committed the criminal offense
of possession of cocaine and (2) failed to complete his community service
hours, maintain employment, report monthly to an assigned probation officer,
and pay mandatory fees, fines, and court costs.  At the adjudication hearing, the
trial court admonished appellant regarding the State’s violation allegations,
and appellant pleaded true to each allegation.  A stipulation of evidence—acknowledging
appellant’s commission of the possession offense in Tarrant County—was signed
by appellant and admitted as evidence.  At the hearing, appellant testified
that he had failed to report to a probation officer after he moved to Tarrant
County because, despite his request, no local probation officer was assigned to
him.  

The trial court ultimately found the State’s violation
allegations true, revoked appellant’s probation, and sentenced him to 20 months
in prison.  In one issue, appellant contends that his plea of true to the
State’s failure-to-report allegation was involuntary.   

II.  STANDARD OF REVIEW

An appeal from a trial court’s decision to proceed to
an adjudication of guilt is reviewable in the same manner as a decision to
revoke post-conviction supervision.  See Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2009).  Accordingly, we review the trial court’s
adjudication decision for an abuse of discretion.  Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984).  In determining questions regarding
sufficiency of the evidence in probation revocation cases, the burden of proof
is by a preponderance of the evidence.  Rickels v. State, 202 S.W.3d
759, 763–64 (Tex. Crim. App. 2006).  We consider the evidence in the light most
favorable to the trial court’s ruling.  Cardona, 665 S.W.2d at 493–94.  A
violation of a single condition of community supervision is sufficient to
support a revocation decision.  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1980).

III.  VOLUNTARINESS OF APPELLANT’S PLEA OF TRUE

In his sole issue, appellant contends that his plea
of true to the State’s failure-to-report allegation was involuntary because he
did not understand the legal consequence of his plea.  Appellant concedes that
he was “properly admonished, but evidently did not understand the consequences
of his plea.”  Specifically, appellant contends that when asked to plea “true”
or “not true” to the State’s allegation of failure to report, he understood “true”
to mean that he had in fact not reported monthly as required.  Notwithstanding
the fact of his failure, appellant claims that he had a valid excuse for not
reporting:  a Tarrant County probation officer was not assigned to him, despite
his request, making it impossible to comply with the reporting requirement. 
Appellant contends he did not understand that by pleading “true” to the State’s
failure-to-report allegation, he was waiving his defense to this particular
allegation.  

As noted above, the violation of a single condition
is sufficient to affirm the trial court’s decision to adjudicate guilt.  See
id.; see also Greer v. State, 999 S.W.2d 484, 489–90 (Tex.
App.—Houston [14th Dist.] 1999, pet. ref’d).  Here, in addition to the failure-to-report
allegation, the State alleged that appellant had also violated the term of his
probation to commit no criminal offense in the State of Texas.  The record
shows that appellant violated this particular condition by committing the
criminal offense of possession of cocaine a month after having been placed on probation. 
The State admitted the judgment rendered in the possession case, and appellant
signed a stipulation of evidence confessing his commission of the crime. 
Appellant has neither disputed committing the criminal offense nor challenged
the voluntariness of his plea as to this particular probation violation.  Accordingly,
the trial court did not abuse its discretion in adjudicating appellant’s guilt
on the commission-of-a-criminal-offense allegation.  Because there is sufficient
evidence to show that appellant violated one of the several conditions of his
probation alleged by the State, we need not address whether the trial court
properly adjudicated appellant’s guilt on the failure-to-report ground.  See
Moore, 605 S.W.2d at 926.  We overrule appellant’s sole issue and affirm
the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).