NO. 07-11-00153-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
13, 2011

 



 

MESA WATER, L.P. AND

G&J RANCH, INC., APPELLANTS

v.

 

TEXAS WATER DEVELOPMENT BOARD, APPELLEE 



 



 

 FROM THE 201ST DISTRICT COURT OF TRAVIS
COUNTY;

 

NO. D-1-GN-10-000819; HONORABLE SCOTT H. JENKINS, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

ORDER

            Appellants,
Mesa Water, L.P. and G & J Ranch, Inc., have filed an unopposed motion to
abate this appeal so that they may continue a transaction in which appellants
intend to convey their interests in groundwater rights to the Canadian River
Municipal Water Authority (CRMWA). 
Appellants have represented to this Court that said motion is unopposed
and such representation is supported by appellants’ counsel’s certificate of
conference.  We grant the unopposed
motion to abate this appeal for a period of sixty days from the date of this
order.

            Pursuant
to a joint sale agreement between the appellants and a sales contract between
appellants and CRMWA, appellants intend to convey their interests in the
groundwater rights and, if the transaction is successful, appellants will no
longer hold any interest in the groundwater rights at issue in the instant
appeal.  In furtherance of the sales contract,
it would appear that the parties have undertaken certain further actions prior
to the contemplated closing.  During the
period of time in which the parties complete these actions and finalize the
sale, appellants seek to have their appeal abated.  Appellants explain that this period of time
may extend over the course of several months, perhaps until November 2011.

            Judicial
economy may be best served by permitting the parties to the contemplated sale
the opportunity and time to fulfill their obligations under the contract the
successful completion of which will likely render the appeal moot.  To require the parties to the appeal to
prosecute the appeal during the pendency of the sale could be to waste both
counsels’ and this Court’s time and resources. 
So, to possibly expedite disposition of this appeal and in the interest
of conservation of judicial resources, we suspend the operation of the
applicable appellate timetables and order that the appeal be abated for a
period of sixty days from the date of this order.  Tex.
R. App. P. 2.

            Before
the expiration of the sixty-day abatement period or upon any development that
might cause the Court to reinstate the appeal, the parties are directed to
advise the Court of the status of the transaction.  At the end of the sixty-day abatement period,
the Court will entertain a motion to further abate the appeal should the need
be present to do so.  We suspend all
appellate deadlines and abate this appeal, removing it from our active docket
and treating it as a closed case, until the sixty-day abatement period expires
or until further order of this Court.  See
Tex. R. App. P. 2, 43.6.

            IT
IS SO ORDERED.

 

                                                                                    Per
Curiam

 






00%'>            On
November 19, 2009, the State filed a new motion to revoke in cause number
7388.  On September 10, 2010, the trial
court called all three causes for hearing[1]
on the State’s live motions.[2]  Following a hearing, during which appellant
pleaded true to certain allegations and not true to others, the trial court
sentenced appellant to seven years’ incarceration in cause numbers 7227 and
7388, and two years’ incarceration in cause number 7228. Each of the sentences
was ordered to run concurrently.

            Appellant
has appealed this judgment by one issue. 
Appellant contends that the trial court abused its discretion by
admitting documentary evidence that constituted inadmissible hearsay.

Analysis

            The
documentary evidence challenged by appellant’s issue is a “Request/Response
Form” purportedly from appellant’s Potter County community supervision
officer.  This form indicates that
appellant failed to report to the Potter County Community Supervision
Department for the months of July through September of 2009.  It also identifies appellant’s current
address in Amarillo.  At most, this
document would evidence appellant’s violation of the community supervision
conditions that she report to the Potter County Community Supervision
Department on a monthly basis and that she obtain permission before changing
her place of residency.  However, this
evidence has no relevance to any of the other violations of the conditions of
community supervision alleged by the State’s motions.

            To
support a revocation of community supervision, the State must prove by a
preponderance of evidence that the defendant violated a condition of his
community supervision.  Greer v. State,
999 S.W.2d 484, 486 (Tex.App.—Houston [14th
Dist.] 1999, pet. ref’d) (citing Cobb v. State,
851 S.W.2d 871, 873 (Tex.Crim.App. 1993)).  Proof of a single violation is sufficient to
support a revocation.  Id.  When reviewing a trial court’s order revoking
community supervision, appellate courts must determine whether the trial court
abused its discretion.  Id.  In making this determination, the reviewing
court will view the evidence in the light most favorable to the order.  Id. 
A plea of true to an alleged violation of a condition of community
supervision, standing alone, is sufficient to support the revocation of
community supervision.  Hays v. State,
933 S.W.2d 659, 661 (Tex.App.—San Antonio 1996, no
pet.) (citing Moses v. State, 590 S.W.2d 469,
470 (Tex.Crim.App. [Panel Op.] 1979)).

            In
the present case, appellant pled true to violations of the conditions of her
community supervision in each of the three causes, specifically that she was
delinquent in payment of restitution, fines, and/or costs applicable to each
case.  Further, other violations
unrelated to any information contained in the “Request/Response Form”
challenged by appellant in this appeal were found true by the trial court.  In fact, in her brief, appellant properly
concedes that “the trial court had before it other violations of community
supervision on which it could legitimately base its decision to revoke
[appellant’s community supervision].”  As
such, the trial court’s admission of the “Request/Response Form” into evidence,
even if erroneous, would not justify this Court reversing the trial court’s
judgment.  See Greer,
999 S.W.2d at 486 (proof of single violation sufficient to support revocation);
Hays, 933 S.W.2d at 661 (plea of true to a violation, standing alone,
sufficient to support revocation). 
Consequently, we must overrule appellant’s issue.

            Appellant
urges this Court to reverse the trial court’s findings of violations of
appellant’s duty to report[3]
and to remand to the trial court for reconsideration because, without the
failure to report violations, “the trial court may very well have given
[appellant] the benefit of the doubt given the hardships in her life.”  A similar argument was rejected by our sister
court in Sanders v. State, 657 S.W.2d 819 (Tex.App.—Houston
[1st Dist.] 1983, no pet.) (op. on reh’g).  We agree
with the Sanders court’s analysis of this argument.

Conclusion

            Having
overruled appellant’s sole issue, we affirm the judgments of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.  

 

 











 

[1] 
By order of the trial court, these three causes were consolidated for
trial.





[2] At the September 10,
2010 hearing, the trial court acknowledged that some of the allegations
contained in the live motions had already been decided by appellant’s plea of
true on June 10, 2009.  To the extent
that any alleged violation in cause numbers 7227 and 7228 were addressed in the
June 10, 2009 hearing on cause number 7388, the trial court acknowledged that those
had already been determined.  Therefore,
the September 10, 2010 hearing addressed only those allegations that were not
previously determined in June of 2009.





[3] It is unclear to
this Court how a determination that the “Request/Response Form” was erroneously
admitted into evidence would have any bearing on the trial court’s
determination that appellant failed to report to the Gray County Community
Supervision Department as required by the conditions of her community
supervision.