NO. 07-10-00363-CR; 07-10-00364-CR; 07-10-00365-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 11, 2011

_____

MANDY KAY RIPPETOE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST AND 223RD DISTRICT COURTS OF GRAY COUNTY;

NO. 7227, 7228, 7388; HONORABLE LEE WATERS, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Mandy Kay Rippetoe, appeals the revocation of her community supervision in three causes, and imposition of sentences of incarceration in each. We affirm the judgments of the trial court.

Background

On or about March 31, 2006, appellant was indicted for the offenses of arson (trial court cause number 7227) and debit card abuse (trial court cause number 7228). While appellant was awaiting trial on those charges, on September 26, 2006, the State

filed an information against appellant charging her with the offense of burglary of a habitation (trial court cause number 7388). On September 27, 2006, appellant waived her right to an indictment on the burglary of a habitation charge and pled guilty to each of the charged offenses. Appellant was sentenced to 10 years incarceration for the arson charge, but that sentence was suspended and appellant was placed on community supervision for seven years and ordered to pay $4,629 in restitution. Appellant was sentenced to two years' incarceration for the debit card abuse charge, but that sentence was also suspended for a period of three years community supervision and a $1,500 fine. On the burglary charge, appellant was sentenced to 10 years incarceration, which was suspended for a period of 10 years community supervision and a $1,500 fine.

The State filed a motion to revoke appellant's community supervision in trial court cause number 7388 on November 3, 2008. It then filed motions to revoke on the other two causes on November 12, 2008. Each of these motions was amended multiple times. On June 10, 2009, appellant pled true to all of the allegations in the live motion relating to cause number 7388, and the trial court continued appellant on community supervision with the added conditions that appellant was required to report twice monthly and serve 30 days in the Gray County Jail.

On November 19, 2009, the State filed a new motion to revoke in cause number 7388. On September 10, 2010, the trial court called all three causes for hearing[1] on the

---

[1] By order of the trial court, these three causes were consolidated for trial.

State's live motions.[2]  Following a hearing, during which appellant pleaded true to certain allegations and not true to others, the trial court sentenced appellant to seven years' incarceration in cause numbers 7227 and 7388, and two years' incarceration in cause number 7228. Each of the sentences was ordered to run concurrently.

Appellant has appealed this judgment by one issue.  Appellant contends that the trial court abused its discretion by admitting documentary evidence that constituted inadmissible hearsay.

Analysis

The documentary evidence challenged by appellant's issue is a "Request/Response Form" purportedly from appellant's Potter County community supervision officer.  This form indicates that appellant failed to report to the Potter County Community Supervision Department for the months of July through September of 2009.  It also identifies appellant's current address in Amarillo.  At most, this document would evidence appellant's violation of the community supervision conditions that she report to the Potter County Community Supervision Department on a monthly basis and that she obtain permission before changing her place of residency.  However, this evidence has no relevance to any of the other violations of the conditions of community supervision alleged by the State's motions.

---

[2] At the September 10, 2010 hearing, the trial court acknowledged that some of the allegations contained in the live motions had already been decided by appellant's plea of true on June 10, 2009.  To the extent that any alleged violation in cause numbers 7227 and 7228 were addressed in the June 10, 2009 hearing on cause number 7388, the trial court acknowledged that those had already been determined. Therefore, the September 10, 2010 hearing addressed only those allegations that were not previously determined in June of 2009.

To support a revocation of community supervision, the State must prove by a preponderance of evidence that the defendant violated a condition of his community supervision. Greer v. State, 999 S.W.2d 484, 486 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (citing Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993)). Proof of a single violation is sufficient to support a revocation. Id. When reviewing a trial court's order revoking community supervision, appellate courts must determine whether the trial court abused its discretion. Id. In making this determination, the reviewing court will view the evidence in the light most favorable to the order. Id. A plea of true to an alleged violation of a condition of community supervision, standing alone, is sufficient to support the revocation of community supervision. Hays v. State, 933 S.W.2d 659, 661 (Tex.App.—San Antonio 1996, no pet.) (citing Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. [Panel Op.] 1979)).

In the present case, appellant pled true to violations of the conditions of her community supervision in each of the three causes, specifically that she was delinquent in payment of restitution, fines, and/or costs applicable to each case. Further, other violations unrelated to any information contained in the "Request/Response Form" challenged by appellant in this appeal were found true by the trial court. In fact, in her brief, appellant properly concedes that "the trial court had before it other violations of community supervision on which it could legitimately base its decision to revoke [appellant's community supervision]." As such, the trial court's admission of the "Request/Response Form" into evidence, even if erroneous, would not justify this Court reversing the trial court's judgment. See Greer, 999 S.W.2d at 486 (proof of single violation sufficient to support revocation); Hays, 933 S.W.2d at 661 (plea of true to a

4

violation, standing alone, sufficient to support revocation). Consequently, we must overrule appellant's issue.

Appellant urges this Court to reverse the trial court's findings of violations of appellant's duty to report[3] and to remand to the trial court for reconsideration because, without the failure to report violations, "the trial court may very well have given [appellant] the benefit of the doubt given the hardships in her life." A similar argument was rejected by our sister court in <u>Sanders v. State</u>, 657 S.W.2d 819 (Tex.App.—Houston [1st Dist.] 1983, no pet.) (op. on reh'g). We agree with the <u>Sanders</u> court's analysis of this argument.

## Conclusion

Having overruled appellant's sole issue, we affirm the judgments of the trial court.

Mackey K. Hancock
Justice

Do not publish.

---

[3] It is unclear to this Court how a determination that the "Request/Response Form" was erroneously admitted into evidence would have any bearing on the trial court's determination that appellant failed to report to the Gray County Community Supervision Department as required by the conditions of her community supervision.