Opinion issued February 23, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00498-CR

———————————

Rudolfo
Mata, Appellant

V.

State of Texas, Appellee



 



 

On Appeal from the 230th Judicial District Court 

Harris County, Texas



Trial Court Case No. 1228384

 



 

MEMORANDUM OPINION

Appellant Rudolfo Mata pleaded guilty to the offense of indecency with a
child.  The trial court deferred adjudication
of guilt, placed Mata on community supervision for five years and assessed a
fine of $200.00.  Subsequently, the State
filed a motion to adjudicate guilt.  After
finding true two allegations that Mata had violated the terms of his community
supervision, the court adjudicated him guilty and sentenced him to four years’
imprisonment.  On appeal, Mata argues that

(1) the conditions of his community supervision violated his constitutional
right to associate with his family and are unconstitutionally vague and (2) the
trial court abused its discretion by adjudicating Mata’s guilt because the
State did not establish by a preponderance of the evidence that Mata had
forbidden contact with any of the persons contemplated by the conditions of his
community supervision.

Background

          On May 25, 2011, the trial court held a hearing on the
State’s motion to adjudicate Mata guilty on the basis that Mata failed to comply
with three conditions of his community supervision.  Specifically, the State alleged that Mata violated
condition twelve by failing to pay fees, fines and costs and violated conditions
nineteen and twenty by having contact with his children, including his daughter
M.M., the complainant in the underlying indecency charge, and his minor
granddaughter.  The applicable conditions
stated:

(19) You are not to contact
the complainant, [M.M.],  in person, in
writing, by telephone, via the Internet, a third party or any other means for
any reason except as specifically permitted by the Court.

 

(20) You are to have no
contact with any minor under the age of seventeen (17) beginning 03/26/2010 for
any reason except as specifically permitted by the Court.

 

At the hearing, the State offered the
testimony of Kwanna Harrelson, Mata’s community supervision officer.  Harrelson testified that, at the time the
motion to adjudicate was filed, Mata had failed to pay or was behind on
payments for eight separate fees or costs.[1]
 Harrelson also testified that she had
received notarized letters from Mata’s daughter, M.M., and Blanca Mata, who is M.M.’s
mother and Mata’s wife, and that the contents of the letters caused her to
become concerned that Mata may have had contact with M.M. or other minors.[2]  Harrelson testified that on February 21, 2011,
she called Mata and asked him if he had been around his children and the
victim, M.M.  According to Harrelson,
Mata admitted that he had, but stated that he thought he was allowed to see his
children as long as his wife was present. 
Harrelson testified that she told Mata that his statements were inconsistent
with the conditions of his deferred adjudication.  She then read condition twenty to Mata.  Mata responded that, although he had read that
condition, he thought that he had also read that he could have contact with his
children as long as an adult was present. 
Harrelson testified that during the phone conversation Mata also
admitted to seeing his granddaughter, a minor, on February 19, 2011.  Harrelson testified that she filed a
violation form on February 22, 2011.  

Mata testified at the hearing.  He explained that he was behind on his fee payments
because his wife stole his social security checks.  Mata denied having any contact with M.M. or
any of his minor children or grandchildren and testified that the only one of
his children that he had seen was his twenty-two year old daughter Jennifer.  Mata testified that the conversation in which
Harrelson claims he admitted to violating his community supervision actually
took place in two separate phone calls.  According
to Mata, during one conversation he told Harrelson that he was with Jennifer, and
they were on the way to the hospital because Jennifer had received a call that
her daughter, a minor, was being taken there. 
Although Mata, his wife, and Jennifer drove to the hospital together, Mata
testified that he did not see the granddaughter.  Mata denied that he had left voicemails for his
daughter, M.M., or that he had contacted her by phone.  

Mata offered the testimony of Secret
Service Agent Nicholas Smith, who testified that Mata had reported that his
wife was stealing his social security checks. 
According to Smith, when he spoke with Blanca, she claimed to have been
given permission by Mata to use the checks. 
Smith testified that Mata later agreed that he had given Blanca permission
to use the checks, and Smith closed the investigation.

Mata also offered the testimony of Eva
Szego and G.G. Hillman, who were involved in Mata’s mandatory therapy.  Both testified that based on Mata’s
statements, they felt that he had a tumultuous relationship with Blanca.  Hillman testified he believed that Blanca was
abusive to Mata.  Szego testified that
Mata made inconsistent statements in group therapy and she did not feel that
Mata was always a truthful person.   

The court
found not true the allegation that Mata failed to pay the required fees.  The court found true the allegations that Mata
violated condition nineteen by having contact with his daughter, M.M., and
violated condition twenty by having contact with minors under the age of
seventeen, specifically his children and granddaughter.  

Constitutionality of Mata’s Conditions
of Community Supervision

In his
first point of error, Mata contends that the trial court abused its discretion
by adjudicating his guilt based on his violation of conditions nineteen and
twenty of his community supervision.  Specifically,
Mata argues that the word “contact” contained in both conditions is vague and ambiguous.  In addition, Mata asserts that the
prohibition of contact with his minor children violates the due process clause
of the Fourteenth Amendment, is an unconstitutional infringement on his
familial rights and does not bear a reasonable relationship to the purpose of
community supervision.  

Community supervision is an arrangement
in lieu of the sentence.  Speth v. State, 6 S.W.3d 530, 532 (Tex.
Crim. App. 1999).  A trial court’s
decision to grant community supervision is “wholly discretionary” and the trial
court also has broad discretion to determine the conditions of community
supervision.  Id. at 533.  “An award of
community supervision is not a right, but a contractual privilege, and
conditions thereof are terms of the contract entered into between the trial
court and the defendant.”  Id. at 534.  If the defendant does not object to the
community supervision conditions, those conditions are “affirmatively accepted
as terms of the contract” and the defendant waives “any rights encroached upon
by the terms of the contract.”  Id. 
Thus, “[a] defendant who benefits from the contractual privilege of
probation . . . must complain at trial to conditions he finds objectionable.”
Id.; Ledet v. State, 177 S.W.3d 213, 221 (Tex. App.—Houston [1st Dist.]
2005, pet. ref’d) (appellant who failed to object to conditions of community
supervision at trial or file motion for new trial could not object to
conditions for first time on direct appeal). 
This is consistent with the requirement of Texas Rule of Appellate
Procedure 33.1(a), which requires a defendant to make a timely and specific
objection to preserve his complaint on appeal. 
See Tex. R. App. P. 33.1(a). 


There is no showing in the record, and Mata
does not claim on appeal, that he objected to the complained of conditions in
the trial court.  In addition, as part of
his plea agreement Mata acknowledged in writing that he understood that the
court determines the terms and conditions of the supervision.  He also acknowledged with his signature the
written conditions themselves.  Because Mata
did not object to the community supervision provisions in the trial court or in
a motion for new trial, he has failed to preserve this issue for review.  See Tex. R. App. P. 33.1(a); Speth, 6 S.W.3d at 534–35; Ledet, 177 S.W.3d at 221 (by failing to
object to community supervision conditions at trial or file motion for new
trial appellant waived right to complain about conditions on direct appeal).

We overrule Mata’s first point of
error.

Violation
of Community Supervision Conditions

          In his second
point of error Mata contends that the trial court abused its discretion by
adjudicating him guilty when the State did not prove, by a preponderance of
evidence, that he had contact with his daughter, M.M., or that he had contact
with a child under the age of seventeen. 


A.  
Standard of Review

A trial
court’s determination on a motion to adjudicate is reviewable in the same
manner as a determination of a motion to revoke community supervision. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (West Supp. 2011).  At a
revocation hearing, the State must prove by a preponderance of the evidence
that the defendant has violated a condition of his community supervision.  Canseco
v. State, 199 S.W.3d 437, 438–39 (Tex. App.—Houston
[1st Dist.] 2006, pet. ref’d). Proof of a single violation is sufficient to
support a revocation.  Id. at 439.

Our review
of the evidence is limited to determining whether the trial court abused its
discretion by concluding that appellant violated a condition of his community
supervision.  Id.  We view the evidence in
the light most favorable to the trial court’s judgment.  Id.  The trial court is the exclusive judge of the
credibility of the witnesses and must determine whether the allegations in the
motion to revoke are sufficiently demonstrated.  Id.

B.  
Analysis

On appeal,
Mata argues that the court erred in finding true the State’s allegations that
Mata violated two conditions of community supervision: that he had contact with
his daughter, M.M., in violation of condition nineteen, and that he had contact
with a child under the age of seventeen, in violation of condition twenty.  Specifically, Mata contends that Harrelson did
not provide sufficient details to establish that Mata had contact with M.M. or
his with granddaughter.  According to
Mata, without testimony from Harrelson regarding his physical proximity to a
minor or proof that he touched or communicated with a minor, the evidence is
insufficient to show contact.  The State argues
that Harrelson’s testimony that Mata admitted to having contact with his children
and that he saw his minor granddaughter is sufficient for the court to have
found Mata had prohibited contact in violation of conditions nineteen and
twenty.  We agree with the State.  

The State’s
evidence consists entirely of Harrelson’s testimony that Mata admitted that he
had been physically present around his children with his wife present and
physically present with his granddaughter.  Harrelson’s testimony, though not detailed, is
some evidence supporting the trial court’s decision.  Although Mata denied having made these
admissions, the trial court, which is the exclusive judge of the credibility of
the witnesses, resolved conflicting testimony against him.  See Greer v. State, 999
S.W.2d 484, 489 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (“Although we recognize the
evidence is slim at best, we will not substitute our judgment for that of the
trial court.”).  We conclude that the
evidence supports the trial court’s finding by a preponderance of the evidence that
Mata violated condition twenty of his supervision, and that the trial court did
not abuse its discretion in revoking Mata’s community supervision and
adjudicating his guilt.  See Brown v. State, 01-04-00642-CR, 2005
WL 1111415, at *3 (Tex. App.—Houston. [1st Dist.] May 5, 2005, no pet.) (mem. op., not designated for
publication) (“The testimony that appellant admitted that he visited his minor
son without supervision, despite the lack of detail, is some evidence supporting
the trial court’s decision.”); see also
Marcum v. State, 983 S.W.2d 762, 767
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (probation officer’s
testimony from probation record that appellant failed to meet reporting
requirement was sufficient to revoke probation).   

Because the
State is required to prove a violation of only one condition of community
supervision to prevail on its motion to revoke community supervision and
adjudicate guilt, we need not address Mata’s claims with regard to condition
nineteen.  See Canseco, 199 S.W.3d at 439.

We overrule Mata’s second point of
error.

Conclusion

          We affirm the judgment of the trial court.

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Justices Jennings,
Massengale, and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).

 











[1]
          Specifically, Harrelson testified that Mata was behind in paying his
supervisory fee, court costs, his offender identification card fee, Crime Stoppers
fee, sexual assault program fund fee, DNA testing fee, Children’s Assessment
Center fee, and the Youth Victim/Witness Program fee. 

 





[2]           The letters were not offered into evidence during the
hearing.