**Affirmed and Memorandum Opinion filed February 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00387-CR

---

**ERICK DURAN TOPETE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1271607**

---

## M E M O R A N D U M   O P I N I O N

Appellant Erick Duran Topete appeals the revocation of his community supervision, complaining that his Sixth Amendment right under the Confrontation Clause of the United States Constitution to confront and cross-examine witnesses was violated when the trial court allowed testimony regarding an out-of-court statement to be admitted during the revocation hearing. We affirm.

## *Background*

On July 26, 2010, appellant pleaded guilty to the felony offense of injury to a child.  The court deferred entering an adjudication of guilt and placed appellant under community supervision for a four-year period.  The conditions of appellant's community supervision prohibited appellant from committing other offenses and using, possessing, or consuming alcohol and required him to pay certain fees, court costs, and a donation to a Family Violence Center in Harris County.

On April 12, 2012, the State moved to adjudicate appellant's guilt, alleging appellant had violated the terms and conditions of community supervision by (1) committing an offense against the State, causing bodily injury to a person with whom he had a dating relationship, by applying pressure to her neck and impeding her breathing and circulation; (2) becoming intoxicated to the degree that he was a danger to himself and others; and (3) failing to pay fees, court costs, and a donation to a Family Violence Center.  At an evidentiary hearing, appellant stipulated to being placed on community supervision but pleaded "not true" to all grounds for revocation alleged by the State.

At the revocation hearing, a deputy constable testified that he responded to a "911" call from appellant's girlfriend on October 22, 2011.  The girlfriend informed the deputy that appellant threw her to the ground, jumped on top of her, and squeezed her neck, obstructing her airway, which made her hoarse.  She had a bruise on her neck and bruises on her arm.

Another officer testified that he arrested appellant on November 2, 2011 for public intoxication.  While the officer was working an extra job as a peace officer at a Chick-Fil-A restaurant, a woman approached him.  The Officer testified,

> This lady came in and told me: Officer, on the way out when I was leaving[,] a man jumped out of the bushes and started banging on my

2

vehicle and it scared me. I do not know what he wanted, but it scared me so bad that I made a big circle and came back in on the other side of the restaurant because I knew you were in here to tell you.

The officer found appellant in the bushes outside of the Chick-Fil-A. Appellant told the officer that he was sleeping in the bushes. Appellant's speech was slurred, and he had bloodshot eyes, was unstable on his feet, and had a heavy odor of alcohol on his breath.

The court liaison officer also testified that appellant had not paid the fees, court costs, and donation to a Family Violence Center required as conditions of his community supervision. The trial court found that "the allegations stated in the . . . Motion to Adjudicate the violations have been proved . . . by a preponderance of the evidence," revoked appellant's community supervision, and sentenced appellant to four years' confinement in the Texas Department of Criminal Justice, Institutional Division.

### *Discussion*

In his sole issue, appellant complains that the trial court erred in admitting the officer's testimony regarding the out-of-court statement associated with appellant's arrest for public intoxication in violation of his Sixth Amendment right under the Confrontation Clause of the United States Constitution to confront and cross-examine witnesses.

We review the trial court's order revoking community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a probation revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Proof of a single violation is sufficient to support a revocation. *Id.*

Appellant's sole issue pertains to only one of the alleged violations of the terms and conditions of community supervision, regarding intoxication. Appellant does not raise any issues complaining of the State's other allegations in the motion to adjudicate guilt. Even assuming appellant's contention is correct regarding the Confrontation Clause, the trial court did not abuse its discretion because it found the State proved all the allegations in the motion to adjudicate by a preponderance of the evidence. *See Garcia v. State*, No. PD-1846-11, 2012 WL 6162759, at *6 (Tex. Crim. App. Dec. 12, 2012) (holding even if State did not exercise due diligence, which would have been a defense to revocation based on the defendant's failure to report to a supervision officer, revocation based on another ground was supported by record). The record amply supports the State's allegations and the trial court's finding that appellant violated other terms and conditions of his community supervision by assaulting his girlfriend and failing to pay the required fines, court costs, and donation.[1] *See id*.

We overrule appellant's sole issue. We affirm the judgment of the trial court.

/s/     Martha Hill Jamison
        Justice

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[1] Moreover, appellant does not complain that the State presented legally insufficient evidence of the violations of the terms and conditions of appellant's community supervision.