**Affirmed and Memorandum Opinion filed March 3, 2015.**



In the

# Fourteenth Court of Appeals

## NO. 14-13-01107-CR

**HENRY JAMES GRADNEY II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1251706**

## M E M O R A N D U M   O P I N I O N

Appellant Henry James Gradney II appeals the trial court's judgment revoking his community supervision. Appellant contends that the trial court abused its discretion because the evidence is insufficient to prove that he committed an offense against the laws of the State of Texas. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 15, 2010, appellant pleaded guilty to driving while intoxicated—third offender, a third-degree felony. *See* Tex. Penal Code §§ 49.04(a), 49.09(b) (West 2011). On January 4, 2011, the trial court sentenced appellant to four years' confinement, probated for four years. Among the conditions of his community supervision was that appellant not commit any offense against the laws of the State of Texas.

On October 4, 2013, the State filed a motion to revoke community supervision, alleging two separate thefts committed by appellant.

The trial court held a revocation hearing on November 21, 2013. The trial court found that the first theft allegation in the motion was not true. However, the court found, by a preponderance of the evidence, that the second theft allegation in the motion was true. The trial court revoked appellant's community supervision and sentenced him to two years' confinement.

## II. ANALYSIS

In a single issue, appellant complains the trial court abused its discretion because the evidence is legally insufficient to establish that he committed the offense of theft. *See* Tex. Penal Code § 31.03 (West 2011).

In its motion, the State alleged that appellant committed two separate thefts while on community supervision. The trial court found the first allegation "not true." The court found that the following allegation was "true":

> On or about October 2, 2013, in Harris County, Texas, the Defendant Henry James Gradney II, hereafter styled the Defendant did and there unlawfully appropriate, by acquiring and otherwise exercising control over property, namely, one motor vehicle owned by Robert Trammel, hereafter styled the Complainant, of the value of over one thousand five hundred dollars, with the intent to deprive the Complainant of the

2

property.

During the revocation hearing, Houston Police Officer Zielonka testified that on October 2, 2013, while on proactive patrol, he observed appellant in the vicinity of 2710 Wayne Street, Houston, Harris County, Texas, a high-crime area. Zielonka testified that at the time he observed appellant, appellant appeared to be in the process of "stripping" a motor vehicle. Zielonka further testified that the vehicle had been reported stolen and that Robert Trammel was the registered owner.

Appellant complains that there is no evidence in the record to prove to whom the vehicle was registered. In addition, appellant asserts that the record is devoid of evidence showing that appellant's possession of the vehicle was without the effective consent of the owner.

We review an order revoking community supervision under an abuse-of-discretion-standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In conducting this review, we view the evidence in the light most favorable to the trial court's order. *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). The trial court is the exclusive judge of the credibility of the witnesses and determines if the allegations in the motion are sufficiently demonstrated. *Id*. The State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Id*. The preponderance-of-the-evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels*, 202 S.W.3d at 764.

A trial court does not abuse its discretion in revoking probation if there is one sufficient ground for revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for

3

revocation would support the trial court's order revoking' community supervision."); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("A finding of a single violation of community supervision is sufficient to support revocation.").

Here, the preponderance of the direct and circumstantial evidence, along with reasonable inferences, is sufficient to establish that appellant committed a violation of the conditions of his probation. The record establishes that Zielonka observed a motor vehicle (missing the motor) which appeared to be in the process of being "stripped" by appellant. The vehicle was missing the engine, hood, doors, and tires. Zielonka testified that the vehicle was confirmed to be reported stolen, and was registered to Robert Trammel—the name of the owner alleged in the motion to revoke probation. Appellant offered no explanation for his possession of, and did not claim to own, the vehicle. It is reasonable to infer from this evidence that the owner of the vehicle was Robert Trammel, and that appellant's possession was without Trammel's effective consent. *See Joseph*, 3 S.W.3d at 641 (concluding that evidence at revocation hearing raised inference of guilt and was sufficient for trial court to conclude appellant committed theft offense).

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

/s/     Marc W. Brown
         Justice

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).