**Justin Marcelle STEPHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–96–01440–CR, 14–96–01443–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 1998.

Harris S., Wood, Jr., Houston, Texas, for appellant.

Barbara Anne Drumheller, Houston, Texas, for appellee.

Before YATES, AMIDEI and FOWLER, JJ.

## OPINION

FOWLER, Justice.

Appellant, Justin Marcelle Stephens ("Stephens"), appeals from an order revoking his probation on two separate cause numbers. We affirm the trial court judgment.

## BACKGROUND

In April 1992, Stephens was charged in cause number 626855 with two counts of unauthorized use of a motor vehicle. He entered a plea of guilty without an agreed recommendation as to punishment. The trial court sentenced Stephens to ten years confinement in the Texas Department of Criminal Justice, Institutional Division. The sentence was suspended and Stephens was placed under community supervision for a period of ten years. In addition, the trial court ordered Stephens to pay a $1000 fine.

In August 1992, Stephens was charged in cause number 639144 with possession of a forged driver's license. He entered a plea of guilty without an agreed recommendation as to punishment. The trial court sentenced Stephens to ten years confinement in the Texas Department of Criminal Justice, Institutional Division. The sentence was suspended and Stephens was placed under community supervision for a period of ten years.

The State filed several motions to revoke probation in each cause of action between August 1992 and January 1996. These motions were either dismissed or overruled. In September 1996, the State filed a motion to revoke probation in each cause of action. In these motions, the State alleged that Stephens had violated the conditions of his probations. The trial court agreed, found Stephens had violated the conditions of his probations, revoked his probations, and assessed punishment in both causes of action at ten years confinement in the Texas Department of Criminal Justice, Institutional Division. The sentences are to be served concurrently. Stephens appeals on five points of error.

## STANDARD OF REVIEW

An order revoking probation must be supported by a preponderance of the evidence. See Scamardo v. State, 517 S.W.2d 293, 298 (Tex.Crim.App.1974). The greater weight of the credible evidence must create a reasonable belief that the defendant has violated a condition of his probation. See id. When the sufficiency of the evidence is challenged, the evidence is viewed in a light most

favorable to the trial court's findings. *See Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981); *Montoya v. State,* 832 S.W.2d 138, 140 (Tex.App.—Fort Worth 1992, no pet.). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See Naquin v.. State,* 607 S.W.2d 583, 586 (Tex.Crim.App. [Panel Op.] 1980). Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *See Flournoy v. State,* 589 S.W.2d 705, 709 (Tex.Crim. App. [Panel Op.] 1979).

## DISCUSSION AND HOLDINGS

In his first three points of error, Stephens contends there was insufficient evidence to show that he violated the conditions of his probation. In his first point of error, Stephens argues that there was insufficient evidence to support a finding that he committed an offense against the laws of this state or any other state as alleged in paragraph A of the motion to revoke probation.

However, as the record clearly shows, the State abandoned the allegations that Stephens had violated this condition. The trial court agreed to the State's request to abandon this allegation and the State then proceeded under Paragraph D and the technical violations of the probation conditions. Thus, because the State abandoned these allegations, the trial court did not revoke Stephens' probation based on these allegations. We overrule Stephens' first point of error.

 In his second and third points of error, Stephens argues that there is insufficient evidence to show he violated his probation by not reporting to his probation officer. This allegation was contained in paragraph D of the motions to revoke probation, which recited the language contained in the two probation orders. In cause number 639144, the State relied only on paragraph D, which stated:

Report immediately *in person* on November 16, 1992 to the Harris County Adult Probation Department Intake Division, 49 San Jacinto Street, Houston, Texas *and thereafter on the 16th of each month to your designated Probation Officer* unless

different dates within a calendar month are agreed to by you and your Probation Officer;

(emphasis added). In cause number 626855, Paragraph D stated:

Report immediately *in person* on June 23, 1993 to the Harris County Community Supervision and Corrections Department Intake Division, 49 San Jacinto Street, Houston, Texas *and thereafter on the 23rd of each month to your designated Probation Officer* unless different dates within a calendar month are agreed to by you and your Probation Officer;

(emphasis added).

 Proof by preponderance of the evidence on any one of the alleged violations of the conditions of probation is sufficient to support the order of revocation. *See Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Crim. App. [Panel Op.] 1980); *Jones v. State,* 571 S.W.2d 191, 193 (Tex.Crim.App. [Panel Op.] 1978); *Montoya,* 832 S.W.2d at 140. When several violations are found by the Court, the order revoking probation shall be affirmed if the proof of any allegation is sufficient. *See Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim .App. [Panel Op.] 1980); *McCollum v. State,* 784 S.W.2d 702, 704–05 (Tex.App.— Houston [14th Dist.] 1990, pet. ref'd). The record shows that John Hernandez, Stephens' probation officer, testified to the following:

1. Stephens failed to report in July, November, and December of 1994.

2. Stephens failed to report between January and November of 1995.

3. The last time Stephens reported in person was October 1994, until he appeared in court for the revocation of probation hearing in February of 1996.

4. In 1996, Stephens reported only once and Hernandez did not see him again until shortly before the revocation proceeding.

The record clearly shows Stephens failed to report to his probation officer as instructed by the trial court. The conditions of his probation required that he report in person each month as indicated or as agreed to with

his probation officer. Stephens' probation officer testified that he told Stephens he could pick the day he reported each month, but that he must report each month. In addition, the record shows that Stephens was fully aware of this requirement. Stephens also testified that his failure to appear was because he did not abide by his agreement to appear. He was not acting under a mistaken belief that he did not have to report in person each month.

In short, the record supports the trial court's finding that Stephens failed to report as instructed. We, therefore, overrule Stephens' second and third points of error.

In his fourth and fifth points of error, Stephens contends the trial court erred in revoking his community supervision in cause numbers 639144 and 626855 because the conditions were an unconstitutional delegation of judicial power. Stephens argues that the trial court deviated from its own order and delegated its judicial authority by allowing Hernandez, officially designated as a "Court Liaison Officer", to direct the reporting of a probationer.

■ The first question Stephens' argument raises is whether Hernandez was authorized to supervise Stephens. This argument requires us to look to the rules regarding probation. A judge may suspend the imposition of a sentence and place a defendant on community supervision for a maximum of ten years in a felony case. See TEX.CODE CRIM.PROC.ANN. Art. 42.12 § 3(a), (b) (Vernon Supp.1998). The term "community supervision" means placing the defendant under a continuum of programs and sanctions, with conditions imposed by the court, for a specified period during which a sentence of imprisonment is probated and the imposition of the sentence is suspended. See TEX.CODE CRIM.PROC.ANN. Art. 42.12 § 2(2)(B) (Vernon Supp.1998). The judge shall determine the conditions of community supervision and may, at any time, alter or modify the conditions. See TEX. CODE CRIM.PROC.ANN. Art. 42.12 § 11(a) (Vernon Supp.1998). Conditions may include requiring the defendant to "report to the supervision officer as directed by the judge or supervision officer and obey all rules and regulations of the community supervision and corrections department." TEX.CODE CRIM.PROC.ANN. Art. 42.12 § 11(a)(4) (Vernon Supp.1998). The term "supervision officer" means a person appointed or employed under section 76.004 of the Texas Government Code, to supervise defendants placed on community supervision. See TEX.CODE CRIM.PROC.ANN. Art. 42.12 § 2(3) (Vernon Supp.1998). Under section 76.004, the department director, of the Community Supervision and Corrections Department, employs officers and other employees to perform professional and clerical work for the department. See TEX.GOV'T CODE ANN. § 76.004(b) (Vernon Supp .1998).

Officer Hernandez is a probation officer assigned to the 351st District Court. He is officially titled a "Court Liaison Officer" (CLO). The record shows that most probationers report to a "Field Officer" and not officers in Hernandez's capacity. But, on certain occasions, the court will direct the probation officer assigned to the court to supervise a specific case. That happened in this case. Thus, Hernandez satisfies the requirements of a supervision officer defined in article 42.12.

■ The second question Stephens' argument raises is whether the court and/or Hernandez violated any part of the Texas Code of Criminal Procedure by not requiring Stephens to appear on the 16th and 23rd of each month. The Code gives us guidance on this issue. Only the court shall determine and fix the terms and conditions of probation. See TEX.CODE CRIM.PROC.ANN. Art. 42.12 § 11(a) (Vernon Supp.1998); DeLeon v. State, 466 S.W.2d 573, 574 (Tex.Crim.App. 1971). This authority may not be delegated to a probation officer or anyone else. See DeLeon, 466 S.W.2d at 574. It is an unauthorized delegation if the probation officer is permitted to determine the terms of probation. See Cox v. State, 445 S.W.2d 200, 201 (Tex.Crim.App.1969). Failure to comply with terms determined by a probation officer cannot be used to revoke probation. See id. Such conditions should be clearly set out by the judge granting probation. See id. As

previously shown, the monthly reporting requirement was clearly set out by the trial judge. The document containing the conditions of probation, signed by Stephens in each cause, stated that he was to report in person on a specific day of each month to his designated probation officer *unless different dates within a calendar month were agreed to by Stephens and his probation officer.*

The record reflects that Hernandez gave Stephens ultimate flexibility, by allowing Stephens to choose each month which day he wanted to report. Hernandez did not waive the requirement that Stephens report each month in person. We do not find this arrangement an unauthorized delegation of authority. It is no different from allowing the probation officer and the probationer to pick a specific day—at the beginning probation term—that is different from the day listed in the terms and conditions of probation. Nor is reaching an agreement that Stephens would report each month on the day that most suited his schedule tantamount to fixing the terms of probation. *See* TEX.CODE CRIM. PROC.ANN. Art. 42.12 (Vernon Supp.1998); *Cox,* 445 S.W.2d at 201. And, if it could be considered a change in a condition, it was a change specifically authorized by the code and the specific probation order entered in this case. *See id.* We overrule Stephens' fourth and fifth points of error.

## CONCLUSION

In sum, the evidence was sufficient to show that Stephens violated the conditions of his probation by failing to report to his probation officer as instructed by the court. Only one allegation of a motion for revocation need be proven to support a finding that the conditions of probation have been violated. *See Moore,* 605 S.W.2d at 926; *Sanchez,* 603 S.W.2d at 871. Further, it was not an unauthorized delegation of judicial power to allow the probation officer to work with the probationer in arranging convenient times to meet. The court placed the condition of reporting each month in person on the probationer and he failed to comply. The trial court's finding of a violation of the conditions of probation is supported by a preponderance of the evidence. Therefore, we find that the trial

court did not abuse its discretion. Accordingly, we affirm the trial court's judgment.