Desmond Jerod GRAYS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–08–00051–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 2009.

6. *Walker v. Anderson,* 232 S.W.3d 899, 908    (Tex.App.-Dallas 2007, no pet.).

Brian Marcus Middleton, Houston, for appellant.

John Harrity III, Richmond, for appellee.

Panel consists of Justices FROST, BROWN, and BOYCE.

## OPINION

WILLIAM J. BOYCE, Justice.

Appellant Desmond Jerod Grays challenges the trial court's order cumulating his sentence of 13 years for burglary of a habitation with his sentence of five years for aggravated sexual assault of a child. Appellant contends that the trial court lacked authority to order cumulation of his sentences more than 30 days after failing to orally order cumulation when pronouncing appellant's sentence for burglary of a habitation. We modify the judgment and affirm the judgment as modified.

### Background

On November 15, 2007, a jury found appellant guilty of the offense of burglary of a habitation and assessed punishment as confinement for 13 years. The trial court pronounced this sentence in appellant's presence, at which time the following occurred:

COURT: Desmond Jerod Grays, the jury having found you guilty of the offense of burglary of a habitation and having assessed your punishment at 13 years confinement in the Texas Department of Criminal Justice, I hereby sentence you to 13 years confinement in the Texas Department of

Criminal Justice Institutional Division, and I hereby remand you to the custody of the Sheriff for delivery to the Director of the Texas Department of Criminal Justice.

STATE: Your Honor, I'd like to make an oral motion at this time that the sentence in this case be stacked to run consecutively with the sentence in the [aggravated sexual assault of a child] case. I'll be happy to prepare a written motion to accumulate the sentences as well. And I don't know the proper time for you to rule on it, based on the appeal [of the aggravated sexual assault of a child conviction], but I want to put it on the record that I'm requesting it at this time.

COURT: Tell you what I'd like for you to do, since there is some question about when the sentence would commence based upon the appeal of the previous conviction, I'm going to ask that you submit a written motion and submit any case law authority that you want to. [Appellant], you're also—I'm sure [the State] will provide you with a copy of his motion, and also, if you would like to submit any authority on, No. 1, whether or not this can be stacked or run consecutively, and, No. 2, if so, when it would be in effect based upon the appeal of the prior conviction.

DEFENSE: Okay.

COURT: And [the State], if you will submit a proposed judgment with your motion.

STATE: Yes, sir.

COURT: And the Court will consider it at that time.

STATE: Thank you, Your Honor.

DEFENSE: Thank you.

The State filed a written motion to cumulate sentences on December 15, 2007.

Appellant filed no objection to the State's written motion. Outside appellant's presence, the trial court signed its judgment and an order cumulating appellant's sentences on December 18, 2007. Appellant did not file a motion for new trial. Appellant appeals challenging the cumulation of his sentences.

## Analysis

Appellant challenges the trial court's judgment cumulating his sentences in the aggravated sexual assault of a child and burglary of a habitation cases. Appellant contends that the trial court lacked authority to order cumulation of his sentences after failing to orally order cumulation when pronouncing appellant's sentence for burglary of a habitation. The State asserts that appellant waived any challenge to the trial court's cumulation order by failing to object to the State's oral and written motions to cumulate or file a motion for new trial. The State also asserts that appellant received proper notice of the trial court's intention to cumulate the sentences and agreed to the trial court's procedure for doing so.

### I. Waiver

■ In the usual circumstance, the record must show that a complaint was made to the trial court by a timely objection or motion as a prerequisite to presenting that complaint for appellate review. Tex. R.App. P. 33.1(a)(1). Typically, an appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court. *Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim.App.1986) (en banc); *see also Hull v. State,* 67 S.W.3d 215, 217–18 (Tex.Crim.App.2002); *Harris v. State,* 204 S.W.3d 19, 27 (Tex.App.-Houston [14th Dist.] 2006, pet. ref'd).

■ However, an improper cumulation order is considered to be a void sentence, and such error cannot be waived. *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim. App.1992) (en banc); *Hendrix v. State,* 150 S.W.3d 839, 852 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). Because appellant challenges the propriety of the December 18, 2007 cumulation order, the State's waiver argument is unavailing and we move to the merits of appellant's argument. *See LaPorte,* 840 S.W.2d at 415; *Hendrix,* 150 S.W.3d at 852.

## II. Merits of Appellant's Argument

Appellant contends that the trial court lacked authority to cumulate his sentences more than 30 days after pronouncing his sentence for burglary of a habitation and remanding him into the custody of the Department of Criminal Justice because the trial court did not orally order cumulation when sentencing appellant on November 15, 2007.

■ A trial court has authority to cumulate the sentences from two or more convictions pursuant to Texas Code of Criminal Procedure article 42.08. Tex.Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006); *Ex Parte Madding,* 70 S.W.3d 131, 136 (Tex.Crim.App.2002). A trial court's decision to cumulate sentences is reviewed for abuse of discretion. *See* Tex.Code Crim. Proc. Ann. art. 42.08(a); *Ex Parte Madding,* 70 S.W.3d at 136. A defendant's sentence commences on the day it is pronounced by the trial court. Tex.Code Crim. Proc. Ann. art. 42.09, § 1 (Vernon Supp. 2008).

■ However, if a trial court wishes to cumulate a defendant's sentences, it must so order at the time and place that sentence is orally pronounced. *Ex Parte Madding,* 70 S.W.3d at 136. Once a defendant is removed from the courtroom and begins serving his sentence, it is too late to cumulate the sentence just imposed with an earlier one. *Id.* A trial court does not have the statutory authority to orally pronounce one sentence in the defendant's presence, but enter a different sentence in its written judgment outside the defendant's presence. *Id.* The rationale for this rule is that the imposition of sentence is the crucial moment when all parties are physically present and able to hear and respond to the sentence. *Id.* at 135.

■ Here, the trial court did not order cumulation of appellant's sentences in open court while pronouncing his sentence for burglary of a habitation. Following pronouncement of this sentence, appellant was taken into the custody of the Department of Criminal Justice and began serving his sentence. After these events transpired, the trial court no longer retained authority to cumulate appellant's sentences, and its attempt to do so by written order on December 18, 2007 had no effect. *See id.* at 136; *but cf. State v. Aguilera,* 165 S.W.3d 695, 698 (Tex.Crim.App.2005) (en banc) ("a trial court also retains plenary power to modify its sentence if ... the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day. The re-sentencing must be done in the presence of the defendant...."). *Aguilera* does not control this case because the trial court did not "modify" the sentence originally pronounced on the same day of the original pronouncement or in appellant's presence. *See Aguilera,* 165 S.W.3d at 697.

The State asserts that appellant may not complain of the trial court's lack of authority to issue the December 18, 2007 cumulation order because the trial court's request that the State submit a written motion to cumulate sentences put appellant on notice that the trial court intended to do so. The State further asserts that appellant agreed

to this procedure and may not complain about it for that reason.[1]

A careful reading of the record confirms that the trial court did not pronounce its intention to cumulate appellant's sentences when it pronounced his sentence in open court. Rather, the trial court heard the State's motion to cumulate and withheld ruling on the motion until the State submitted a written motion with supporting case law. Such statements do not clearly establish the trial court's intention to cumulate sentences. Furthermore, these statements do not constitute an oral pronouncement of cumulation as required by *Ex parte Madding. See Ex parte Madding*, 70 S.W.3d at 136.

Nor do these statements establish that appellant agreed to allow the trial court to cumulate his sentences at a later date outside appellant's presence. Even assuming that appellant did agree to such additional sentencing in absentia, the State offers no authority establishing an exception to the statutory requirement that sentencing for a felony offense *must* be pronounced in appellant's presence. *See* Tex.Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2008); Tex.Code Crim. Proc. Ann. art. 42.14 (Vernon 2006).

■ Nor does the State offer any authority establishing an exception to the general rule that when there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App.2003). The solution in such a situation is to modify the written judgment to conform to the trial court's oral pronouncement. *Id.*

We hold that *Ex parte Madding* controls the disposition of this case. *See Ex parte Madding*, 70 S.W.3d at 136. We sustain appellant's issue that the trial court lacked authority to order cumulation of his sentences after failing to orally order cumulation when pronouncing appellant's sentence for burglary of a habitation. The trial court's oral pronouncement in open court, which did not include a cumulation order, controls.

## Conclusion

The trial court's judgment is modified to delete the order directing that the sentence in this cause shall begin when the judgment and sentence in cause number 43523 has ceased to operate, and that the sentence is to run consecutively to cause number 43523. As modified, the judgment is affirmed.

1. The Austin Court of Appeals recently addressed similar arguments in an unpublished case. *See MacKenzie v. State*, No. 03–06–00074–CR, 2007 WL 1295821, at *5–*6 (Tex. App.-Austin May 3, 2007, no pet.).