**Affirmed and Memorandum Opinion filed June 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00652-CR

**DAVID JASON MENA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1098254**

## M E M O R A N D U M   O P I N I O N

Appellant David Jason Mena appeals his conviction for sexual assault, challenging the sufficiency of the evidence to show he violated the terms of his probation and asserting the trial court erred in admitting hearsay testimony. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the second-degree felony offense

of sexual assault of a child younger than seventeen years of age, to which he entered a plea of "guilty." The trial court deferred entering a finding of guilt, and in February 2010, the trial court placed appellant on six years' community supervision.

The record reflects that the State filed several motions to adjudicate appellant's guilt. In December 2010, the State filed an amended motion to adjudicate appellant's guilt (hereinafter "2010 Motion"), alleging various violations of the terms and conditions of appellant's community supervision. After a hearing, the trial court overruled the motion and modified the terms and conditions of appellant's probation, ordering appellant to serve 75 days in jail.

More than a year later, on March 30, 2012, the State filed another motion to adjudicate guilt (hereinafter "2012 Motion"), alleging the that appellant had violated the terms and conditions of his community supervision in the following ways:

- failing to report to his probation officer in May 2010, June 2010, July 2010, August 2010, and September 2010;
- failing to pay $60 in supervision fee payments;
- failing to pay $25 in fines and court costs;
- failing to pay a $15 lab fee;
- failing to pay a $5 fee for a Sexual Assault Program Fund; and
- failing to attend a sex-offender treatment session on January 12, 2012.

At a hearing on the motion on July 12, 2012, appellant pleaded "not true," to the alleged violations. A court liaison officer testified and appellant's community-supervision file was admitted into evidence.

The trial court found as true the allegations that appellant failed to comply with the terms and conditions of his community supervision by failing to report to

2

his probation officer on the date alleged and by failing to attend the sex-offender treatment session. The trial court revoked appellant's probation, adjudicated him guilty of the offense of sexual assault, and sentenced him to five years' confinement.

**ISSUES AND ANALYSIS**

**Is the evidence sufficient to support the trial court's finding that appellant violated the terms and conditions of his probation?**

In his first issue, appellant challenges the sufficiency of the evidence to support the trial court's finding that he violated the terms and conditions of his community supervision. More specifically, appellant asserts sufficiency challenges as to the findings that he failed to report to his probation officer on the date alleged and failed to attend the sex-offender treatment session. Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). When a trial court finds several violations of probationary conditions, we affirm the order revoking probation if the proof of any single allegation is sufficient. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

A claim of insufficient evidence is limited to the traditional legal-sufficiency analysis in which we view the evidence in the light most favorable to the decision to revoke. *See Hart*, 264 S.W.3d at 367. In determining questions regarding the sufficiency of the evidence in probation-revocation cases, the State has the burden

3

to establish by a preponderance of the evidence that appellant committed a violation of the terms and conditions of community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance-of-the-evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of probation has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). When the State fails to meet its burden, it is an abuse of discretion for the trial court to issue a revocation order. *Cardona*, 665 S.W.2d at 493–94.

In a revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974); *Aguilar v. State*, 471 S.W.2d 58, 60 (Tex. Crim. App. 1971). "Reconciliation of conflicts and contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction." *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979).

The record reflects the court liaison officer's testimony that appellant failed to report to his probation officer in May and June 2010. According to the liaison officer, when appellant failed to report in July 2010, appellant's case was transferred to an "absconder" case file, for his failure to report after two to three months, and that appellant did not report to a probation officer until July 26, 2011. The court liaison officer also testified that appellant did not report in August or September 2010. The evidence is sufficient to show by a preponderance of the evidence that appellant violated the terms and conditions of his community supervision by failing to report to his probation officer. The trial court did not abuse its discretion by revoking appellant's community supervision after finding

4

this allegation to be true.

The record contains sufficient evidence for the trier of fact to have formed the reasonable belief that appellant failed to report to his probation officer in accordance with the terms and conditions of his community supervision for the months of May, June, July, August, and September 2010, as alleged. *See Stephens v. State*, 983 S.W.2d 27, 29 (Tex. App.—Houston [14th Dist.] 1998, no pet.). The State met its burden of proving by a preponderance that appellant violated the terms of his community supervision.[1] *See id.* The evidence is sufficient to support the order revoking appellant's probation. *See id.* Accordingly, the trial court did not abuse its discretion in finding that appellant had violated these conditions of his probation and in revoking appellant's probation. *See id.*

Subsumed within his first issue is appellant's contention that the trial court violated his rights to due process and due course of law and his right to fundamental fairness by considering allegations in the 2010 Motion in revoking appellant's community supervision. This complaint is incorrectly premised upon the argument that in the 2010 Motion the State alleged appellant's failure to report to a probation officer, as alleged in the 2012 Motion, thereby subjecting him to double jeopardy and triggering application of collateral estoppel. Appellant's argument lacks merit.[2] Contrary to appellant's contentions, in the 2010 Motion,

---

[1] To the extent that appellant complains in his first issue that the State failed to carry its burden in proving that he had violated the terms of his community supervision by intentionally failing to pay fines and fees, the trial court did not find true the State's allegations regarding the fees and did not revoke appellant's community supervision on these grounds. Nevertheless, a finding of any single violation is sufficient to uphold the trial court's revocation of probation. *See Moore*, 605 S.W.2d at 926 (declining to address appellant's other sufficiency challenges because one sufficient ground for revocation will support the court's order to revoke probation); *Greer*, 999 S.W.2d at 486. For this reason, we, also, do not reach appellant's arguments in his first issue relating to evidence that he failed to attend a sex-offender treatment session on January 22, 2012. *See Moore*, 605 S.W.2d at 926; *Greer*, 999 S.W.2d at 486.

[2] The record does not reflect that appellant raised any objections on due-process grounds,

the State alleged that appellant violated the terms and conditions of community supervision through the following conduct:

- committing an offense against the laws of the State of Texas by failing to register as a sex offender;

- receiving a subsequent conviction for the felony offense of unauthorized use of a motor vehicle;

- using cocaine;

- failing to present written verification of employment in March 2010;

- failing to submit to a random urine specimen analysis on February 22, 2010;

- failing to pay $5 to the Sexual Assault Program Fund and being in arrears for that amount as of April 22, 2010; and

- making false statements about his use of cocaine to his community supervision officer.

The record reflects that the 2010 Motion and the 2012 Motion contained entirely different allegations.[3] *See Ex parte Taylor*, 101 S.W.3d 434, 441 (Tex. Crim. App. 2002) (providing that collateral estoppel is limited to cases where the factual and legal situations are identical). Moreover, there is no indication in the record, and appellant does not point to any place in the record, supporting his contention that the trial court previously had considered any allegations, or had ruled on any such

due-course-of-law grounds, or collateral estoppel grounds. Generally, to preserve error, a party must make a timely, specific objection apprising the trial court of the basis for the request, objection, or motion and receive an adverse ruling. *See* Tex. R. App. P. 33.1(a)(1).

[3] Notably, both the 2010 Motion and the 2012 Motion alleged appellant's failure to pay $5 to the Sexual Assault Program Fund. Appellant did not argue at trial, nor does he contend on appeal, that the allegation of failing to pay $5 to the fund subjected him to double jeopardy or violated his rights to due process because he challenges only the "failure to report to a probation officer" as raising a double-jeopardy issue. *See* Tex. R. 33.1(a). Even if we construed the similarity of this single allegation of failing to pay $5 to the Sexual Assault Program Fund as subjecting appellant to double jeopardy, the error, if any, was harmless because appellant's community supervision was not revoked on this ground and the trial court did not find the allegation to be true. *See* Tex. R. App. P. 44.2(a).

6

allegations, of appellant's failure to report to his probation officer. *See Applin v. State*, 341 S.W.3d 528, 533 (Tex. App.—Fort Worth 2011, no pet.) (rejecting a double-jeopardy claim when the record was void of specific fact findings as to why the trial court previously modified community supervision to include jail time); *Long v. State*, 130 S.W.3d 419, 425 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (providing that a reviewing court cannot consider a claim for collateral estoppel if a record of the facts "necessarily decided" at the first hearing is absent).

The State met its burden of proving by a preponderance of the evidence that appellant violated the terms of his community supervision by failing to report to his probation officer; such evidence, alone, is sufficient to support the trial court's order revoking appellant's community supervision. *See Stephens*, 983 S.W.2d at 29. We find no merit in appellant's complaint that the trial court improperly considered allegations in the 2010 Motion in revoking his community supervision and thereby subjected him to constitutional violations. We may affirm the order revoking probation if the proof of any single allegation is sufficient. *See Moore*, 605 S.W.2d at 926. We overrule appellant's first issue.

**Did the trial court err in admitting evidence from appellant's community-supervision records?**

In a second issue, appellant asserts that the trial court abused its discretion in admitting evidence that appellant failed to attend his sex-offender treatment program on January 12, 2012. The record reflects that the trial court admitted into evidence appellant's community-supervision records. The liaison officer testified from a facsimile transmittal, which was included in those records, about appellant's failure to attend the treatment session. According to appellant, the evidence constituted inadmissible hearsay.

We review a trial court's ruling on whether a statement is admissible as an

7

exception to the hearsay prohibition under an abuse-of-discretion standard. *See Taylor v. State*, 268 S.W.3d 571, 479 (Tex. Crim. App. 2008). Under this standard, a reviewing court reverses a trial court's decision if the trial court's ruling was so clearly wrong as to lie outside the zone within which reasonable people may disagree. *See id.*

The community-supervision file was admitted as a business record. Appellant asserts that the liaison officer's testimony from the facsimile transmittal, contained in the community-supervision file, should not have been admitted because the liaison officer had no personal knowledge of appellant's attendance at the treatment session.

Hearsay evidence is not admissible unless otherwise permitted by statute or rule. *See* Tex. R. Evid. 802; *Taylor*, 268 S.W.3d at 578. The proponent of the hearsay evidence must establish that an exception applies that would make the evidence admissible in spite of its hearsay character. *Taylor*, 268 S.W.3d at 579. Texas Rule of Evidence 803(6) excepts from the hearsay rule

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, ... unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" ... includes any and every kind of regular organized activity whether conducted for profit or not.

Tex. R. Evid. 803(6); *Canseco v. State*, 199 S.W.3d 437, 440 (Tex. App.— Houston [1st Dist.] 2006, pet. ref'd). Rule 803(6) does not require the person authenticating the record to have created the record or to have personal knowledge

of the information recorded therein. *Canseco*, 199 S.W.3d at 440. Rather, the testifying witness need only have knowledge of how the record was prepared. *Id.* Although the liaison officer did not have personal knowledge of all the entries in appellant's community-supervision file, she testified that she maintained custody of that file as a normal course of her business activities and that the entries in the file were made by people with knowledge of the events that were described and were made at or near the time of the described events. *See Canseco*, 199 S.W.3d at 440. The State, therefore, laid the proper predicate for admission of the file as a business record under Rule 803(6). *See Simmons v. State*, 564 S.W.2d 769, 770 (Tex.Crim.App.1978); *Canseco*, 199 S.W.3d at 440; *Dodson v. State,* 689 S.W.2d 483, 485 (Tex. App.—Houston [14th Dist.] 1985, no pet.) (holding that, when proper predicate is laid, probation file is admissible as business record). The trial court did not abuse its discretion in admitting the evidence, as contained in appellant's community-supervision file. *See Canseco*, 199 S.W.3d at 440.

Appellant also asserts that the trial court violated his right to confront and cross-examine the declarant in violation of his Sixth Amendment right. Generally, to preserve error, a party must make a timely objection, request, or motion stating the specific grounds for the motion to apprise the trial court of the complaint unless the specific grounds were apparent from the context. *See* Tex. R. App. P. 33.1(a)(1); *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). The record reflects that appellant challenged the admission of the evidence only as impermissible hearsay. A hearsay objection does not preserve error on Confrontation Clause grounds. *See Austin v. State*, 222 S.W.3d 801, 810 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). The record does not reflect that appellant lodged any objection to the evidence that he failed to attend the treatment session on January, 21, 2012, or that he asserted his right to confrontation until

9

after both sides rested and appellant's counsel made closing statements. Accordingly, appellant's objection was not timely, and he has failed to preserve these arguments for appellate review. *See* Tex. R. App. P. 33.1(a). We overrule appellant's second issue.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Boyce, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).