**Affirmed and Memorandum Opinion filed May 29, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00511-CR

---

**TAMMY MCGEE QUISENBERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 59182**

---

## M E M O R A N D U M   O P I N I O N

Appellant Tammy McGee Quisenberry appeals the trial court's revocation of her community supervision for felony driving while intoxicated (DWI). *See* Tex. Penal Code § 49.09. In two issues she contends the evidence is insufficient to support the trial court's revocation, and the trial court assessed a disproportionate sentence. We affirm.

# I. BACKGROUND

Appellant pleaded guilty to felony driving while intoxicated and was sentenced to six years in prison. The trial court suspended the sentence and placed appellant on community supervision for five years.

On February 8, 2013, the State filed a motion to revoke community supervision alleging appellant violated the conditions of her community supervision by:

- Illegally using a controlled substance, Benodiazepines

- Failing to report to the supervision officer during the months of January, March, August, September, 2012.

- Failing to pay the supervision fee from June, 2010 through January, 2013.

- Failing to be home by 10:00 p.m. on February 8, 2012 and remain there until 6:00 a.m. February 9, 2012.

- Failing to enroll in and complete a Drug Education Program within six months of December 15, 2011.

- Failing to participate in, and complete, and pay the assessed fee for the DWI Intervention Program within nine months of October 19, 2010.

- Failing to pay the assessed fee for urinalysis.

- Failing to complete community service from May 2010 through December 2012.

- Failing to submit to a substance abuse evaluation administered by a Texas Licensed Chemical Dependency counselor within sixty days of April 19, 2010.

- Failing to attend Alcoholics Anonymous (AA) or Narcotics Anonymous (NA) meetings at least one time per week and show proof of attendance to the supervision officer from May 2010 through December 2012.

On May 31, 2013, the trial court held a hearing on the State's motion to

revoke community supervision. At the beginning of the hearing, the State abandoned the allegation that appellant failed to enroll in and complete a drug education program, and appellant pleaded not true to the remaining allegations.

Lisa Hargrove, the supervision officer in charge of appellant's case, testified that appellant did not report in person to the community supervision office for the months of January, March, August, and September, 2012. In January 2012, appellant phoned the supervision office to provide notification that she was moving to Liverpool, Texas. In September 2012, appellant phoned to notify the supervision office that she was in the hospital. Appellant was hospitalized from September 11, 2012 to September 19, 2012, but failed to report on September 28, 2012. Appellant was terminated from the DWI Intervention program because she failed to attend. Appellant was referred to an intensive outpatient program, but was discharged for failure to attend. Appellant did not provide proof of attendance at AA or NA meetings. Appellant failed to perform any community service hours.

The supervision file contained a police report noting a curfew violation at 12:20 a.m. on February 9, 2012. Appellant had reported to Dan Harmon prior to December 2012, but any notations of compliance with the conditions of community supervision would be in the file.

The bookkeeper for the Brazoria County Adult Community Supervision Office testified that appellant had not fully complied with the requirement to pay supervision fees. The bookkeeper testified that appellant had a $110.00 delinquency in fees, and had not paid three urinalysis fees.

Dan Harmon, appellant's previous supervision officer, testified that he had not given appellant permission to miss a report to the office. Harmon encouraged appellant to re-enroll in the DWI Intervention classes. He did not give her permission to be absent from those classes.

3

Appellant testified that with the exception of the $110.00 delinquency and the missed urinalysis fees, she was current on payment of fees. Appellant attended AA meetings, but did not always provide proof of attendance to the supervision office. Appellant admitted not performing community service, but testified that she was excused from community service because she was injured in a car accident in 2009. She did not have written proof of being excused nor was there a notation in her file. Appellant admitted she did not attend DWI Intervention classes because the classes were a long distance from her home, and she did not drive. Appellant admitted to the curfew violation, but claimed she had permission from Harmon to be out 72 hours because she was engaged in arranging flowers at a location distant from her home.

On rebuttal, Hargrove testified that the supervision file did not reflect permission to miss curfew, proof of attendance at AA or NA meetings, or permission to forego community service.

After closing arguments, the trial court found not true the allegations that appellant illegally used a controlled substance and failed to submit to a substance abuse evaluation. The trial court found that appellant failed to report to the community supervision office in the months of January, March, and August, 2012. The court found the remaining allegations true. The trial court sentenced appellant to six years' confinement in the Institutional Division of the Texas Department of Criminal Justice. No objection was made to appellant's sentence.

## II. ANALYSIS

### A. Sufficiency of the Evidence to Support Revocation

In her first issue appellant contends the evidence is insufficient to support the trial court's revocation of community supervision. Specifically, appellant

4

contends the evidence is insufficient to support the findings that she failed to (1) report to her supervision officer, (2) pay supervision fees, (3) abide by her curfew, (4) attend DWI Intervention program and pay program fees, (5) pay urinalysis fees, (6) perform community service, and (7) attend AA/NA meetings.

Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Cardona v. State*, 665 S. W.2d 492, 493 (Tex. Crim. App. 1984). When a trial court finds several violations of community supervision conditions, we affirm the order revoking community supervision if the proof of any single allegation is sufficient. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

A claim of insufficient evidence is limited to the traditional legal-sufficiency analysis in which we view the evidence in the light most favorable to the decision to revoke. *See Hart*, 264 S.W.3d at 367. In determining questions regarding the sufficiency of the evidence in community-supervision-revocation cases, the State has the burden to establish by a preponderance of the evidence that appellant committed a violation of the terms and conditions of community supervision. *Cardona*, 665 S.W.2d at 493. The preponderance-of-the-evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). When the State fails to meet its burden, it is an abuse of discretion for the trial court to issue a revocation order. *Cardona*, 665 S.W.2d at 493–94. In a revocation proceeding, the

trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

The record contains sufficient evidence for the trier of fact to have formed the reasonable belief that appellant failed to report to her community supervision officer in accordance with the terms and conditions of her community supervision for the months of January, March, and August, 2012; appellant was delinquent on fees; appellant failed to attend DWI Intervention classes, or AA/NA meetings; appellant violated curfew; and appellant failed to perform community service, as alleged. *See Stephens v. State*, 983 S.W.2d 27, 29 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Appellant admitted not attending DWI Intervention classes, violating curfew, and failing to perform community service. Appellant's testimony that she was excused from performing those obligations was rebutted by both community supervision officers. We must defer to the trial court's resolution of the conflicting evidence. *See Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974). Moreover, appellant admitted to a $110.00 delinquency in fees and provided no excuse for the delinquency. Violation of this condition alone is sufficient to support revocation. *See Moore*, 605 S.W.2d at 926.

The State met its burden of proving by a preponderance of the evidence that appellant violated the terms of her community supervision. The evidence is sufficient to support the order revoking appellant's community supervision. *See Stephens*, 983 S.W.2d at 29. Accordingly, the trial court did not abuse its discretion in revoking appellant's community supervision. *See id*. We overrule appellant's first issue.

### B. Disproportionate-Sentence Argument

In her second issue, appellant contends the trial court erred in assessing a

sentence that was excessive and disproportionate to the crime committed. Appellant contends that by revoking her community supervision, the trial court penalized her for being unable to overcome injuries she sustained in a car accident. Appellant, however, failed to preserve her complaint of a disproportionate sentence for appellate review.

To preserve purported sentencing error for appellate review, a defendant must raise the complaint by objecting to her sentence during the trial's punishment phase, or by later filing a motion for new trial. *See* Tex R. App. P. 33.1; *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive"). An appellant must present to the trial court a timely, specific objection and obtain an adverse ruling to preserve for appeal complaints concerning alleged cruel and unusual punishment. *Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In this case, appellant did not object to the pronouncement of her sentence at the conclusion of the revocation hearing, nor did she raise the disproportionate-sentence claim in a motion for new trial. After pronouncing sentence, the trial court asked, "Anything else we need to do on the record?" Appellant's attorney replied that she needed to discuss appellant's appeal and obtain appointed counsel for appellant. Appellant's attorney and the trial court discussed with appellant her right to appeal, ensured that a notice of appeal was filed, and that she would receive appointed counsel. No objection was made to appellant's sentence, nor was evidence admitted as to how the six-year sentence was disproportionate to the

7

crime committed. Because appellant did not present a specific objection to her sentence or otherwise obtain an adverse ruling on the complaint she now voices on appeal, appellant presents nothing for this court's review. *Id.*; Tex. R. App. P. 33.1.

Waiver notwithstanding, appellant has not shown that her sentence was grossly disproportionate to the offense for which she was convicted. Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and usual punishment. *Solem v. Helm*, 463 U.S. 277, 290 (1983). A sentence is grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harris v. State*, 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). In its proportionality analysis, a reviewing court must first review whether the sentence is grossly disproportionate to the offense. *Hicks*, 15 S.W.3d at 632. If the reviewing court determines the sentence to be grossly disproportionate to the crime committed, then it compares (1) sentences for similar crimes in the jurisdiction and (2) sentences for the same crime in other jurisdictions. *Id*. Thus, we weigh first the gravity of the crime committed by appellant against the severity of her punishment. The constitutional principal of the Eighth Amendment is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of the legislatures, not the courts. *Rummel v. Estelle*, 445 U.S. 263, 274–76 (1980).

Appellant argues she was disproportionately sentenced for violating the conditions of community supervision, and the trial court unfairly sentenced her because she was physically incapable of performing some of those conditions. However, the trial court did not sentence appellant to six years' confinement for

8

failing to comply with the conditions of community supervision; the trial court sentenced appellant for felony DWI. Appellant was sentenced under an enhanced penalty statute. *See* Tex. Penal Code §§ 12.34 & 49.09 (when defendant has two prior convictions for DWI, the punishment range is that for a third degree felony, which is two to ten years). Under a recidivist statute, a sentence is based not merely on that person's most recent offense but also on the propensities she has demonstrated over a period of time during which she has been convicted of and sentenced for other crimes. *Harris*, 204 S.W.3d at 29. Not only is appellant's sentence within the range of punishment prescribed by the legislature for the offense of felony DWI, but it is the sentence she bargained for when she initially pleaded guilty. A six-year sentence is not an oppressive sentence for conviction of a felony DWI. *See Harris*, 204 S.W.3d at 29 (twenty-five-year sentence for felony DWI enhanced by two prior felony convictions not disproportionate). Because appellant's six-year sentence is not grossly disproportionate to the offense, we will not consider the remaining *Solem* factors. We overrule appellant's second issue.

The trial court's judgment is affirmed.


/s/　　John Donovan
　　　　Justice



Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

9