**Affirmed as Reformed (14-17-00794-CR), Affirmed (14-17-00795-CR), and Memorandum Opinion filed December 18, 2018.**



In the

# Fourteenth Court of Appeals

---

**NO. 14-17-00794-CR**
**NO. 14-17-00795-CR**

---

**TYRONE DEANTA BELL-BRUMFIELD, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 63622 & 63543**

---

# M E M O R A N D U M   O P I N I O N

Appellant Tyrone Deanta Bell-Brumfield appeals his convictions for kidnapping and aggravated assault, after the trial court granted the State's motions to adjudicate guilt and revoke supervision. Appellant contends the evidence was insufficient to prove that he violated his community supervision. He also challenges his concurrent sentences of ten years' and twelve years' confinement. We find no

merit in these contentions. We affirm the trial court's judgment in cause no. 63543 (appellate cause no. 14-17-00795-CR).

In addition, appellant argues and the State concedes that the order of deferred adjudication in cause no. 63622 (appellate cause no. 14-17-00794-CR) incorrectly states that he pleaded guilty to aggravated kidnapping. We therefore reform the order of deferred adjudication in cause no. 63622 to reflect that the "Statute for Offense" is "20.03" instead of "20.04." We affirm the trial court's judgment in cause no. 63622 as so reformed.

## I. BACKGROUND

Appellant was charged by indictment with aggravated assault and aggravated kidnapping, alleged to have occurred on or about September 21, 2010, and November 10, 2010, respectively. Appellant pleaded guilty to aggravated assault and kidnapping in March 2011. The trial court deferred findings of guilt and placed appellant on community supervision for seven years in both cases. Condition "A" of appellant's deferred adjudication community supervision included that he was not to commit any offense against the laws of the state of Texas.

In February 2017, the State filed a motion to adjudicate guilt and revoke community supervision in both cases. In pertinent part, the State alleged that appellant violated condition "A" of his community supervision by committing two new offenses. The State alleged that appellant choked Brittany Burks and committed (1) assault by bodily injury and (2) assault by offensive and provocative contact.[1]

The trial court held a hearing. On January 16, 2017, appellant gave his then-girlfriend Burks a ride to her physician for a well-woman examination. While Burks was filling out her paperwork, she informed appellant that they "needed to go [their]

---

[1] *See* Tex. Penal Code § 22.01(a)(1), (3) (West 2017).

separate ways." Burks went to the office restroom to provide a urine sample, and appellant followed her. Appellant entered the restroom and began choking Burks with his hands around her neck. The choking lasted approximately a minute. A pregnant medical assistant heard the commotion and attempted to enter the restroom to intervene. The assistant saw appellant grabbing Burks by the neck. Appellant "back-kicked" the door closed on the assistant, so she could not come in. The assistant yelled, and others in the office came to help. Appellant exited the restroom—angrily stating that he wanted his money—and then walked out of the doctor's office.

After the State filed its motions, when appellant was in custody, he told Burks that she should not press charges and should not testify. Appellant offered Burks money to not testify. Burks stated that she was reluctant to testify because she "d[id]n't want it to be in [her] hands whether [appellant] goes to prison or not and have him hurt [her] later on down the line."

The trial court found it "true" that appellant violated his community supervision based on both assault allegations. The trial court found appellant guilty and revoked his community supervision in both cases. The trial court sentenced appellant to ten years' confinement on the kidnapping offense and to twelve years' confinement on the aggravated assault offense, to run concurrently.

The trial court certified appellant's right to appeal in both cases. Appellant timely appealed.

## II. ANALYSIS

### A. Standard of review

If the State alleges that a defendant on deferred adjudication has violated a condition of community supervision, then he is entitled to a hearing for the trial court

3

to determine whether to proceed with an adjudication of guilt on the original charge. Tex. Code Crim. Proc. art. 42A.108(b) (West 2017). This determination is reviewable in the same manner as a community supervision revocation hearing conducted pursuant to Texas Code of Criminal Procedure article 42A.751(d). *Id.*; *see* Tex. Code Crim. Proc. Art. 42A.751 (West 2017).

We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The State must show by a preponderance of the evidence that the defendant committed at least one violation of the conditions of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *Guerrero*, 554 S.W.3d at 273. "This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision." *Guerrero*, 554 S.W.3d at 273; *see Rickels*, 202 S.W.3d at 764. The trial court abuses its discretion in issuing a revocation order when the State fails to meet this burden. *Guerrero*, 554 S.W.3d at 273–74 (citing *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984)).

"We view the evidence in the light most favorable to the trial court's order." *Id.* at 273 (citing *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). In revocation hearings, the trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony. *Id.* Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Id.* at 274 (citing *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.)); *see Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("[P]roof of a single violation will support revocation.").

4

**B. Sufficiency of the evidence to support appellant's condition violation**

As his first issue in each brief, appellant challenges both trial court findings. We shall affirm the trial judge's judgment if the proof of either finding is sufficient. *See Stephens v. State*, 983 S.W.2d 27, 29 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence is sufficient to support the finding that appellant violated condition "A" of his community supervision by intentionally, knowingly, or recklessly causing bodily injury to Burks, a person with whom he has or had a dating relationship, by choking her about the neck with his hand.

Appellant contends that "there is no evidence contained with the record to support bodily injury as alleged within the violation." We disagree.

The Court of Criminal Appeals has held any action that impedes or hinders normal breathing necessarily causes bodily injury. *See Marshall v. State*. 479 S.W.3d 840, 844–45 (Tex. Crim. App. 2016) (testimony that complainant "was unable to take deep breaths" met assault's bodily-injury element); *see also* Tex. Penal Code § 1.07(a)(8) (West 2017) ("bodily injury" defined as "physical pain, illness, or any impairment of physical condition"); *Hernandez v. State*, 556 S.W.3d 308, 316, 316 n.5 (Tex. Crim. App. 2017) (appellant "committed at least a simple assault" by bodily injury when he choked complainant). Burks testified that appellant choked her around the neck with his hands for approximately a minute. Importantly, Burks stated that she was "gasping" and that appellant prevented her ability to breathe. *See* Merriam-Webster's Collegiate Dictionary 517 (11th ed. 2004) ("gasp" defined as "to catch the breath convulsively and audibly (as with shock)" and "to breathe laboriously"). Even appellant acknowledges that "Burks testified she had difficulty breathing."

We overrule appellant's first issue.

5

## C. Appellant's challenge to his sentences

As his second issue in each brief, appellant argues that the trial court abused its discretion "i[n] a[ss]essing punishment in that the decision is arbitrary and outside the zone of reasonable disagreement." Appellant challenges the ten-year sentence he received for kidnapping and the twelve-year sentence he received for aggravated assault. Appellant points to evidence of his borderline I.Q. and learning difficulties, his inability to continue his psychiatric medication after losing his insurance, his respectfulness with his supervision officers, and his status as a single parent. Appellant also argues the trial court improperly considered his ability to post bond where there was no evidence of this in the record.

The State responds that appellant waived any error because he did not object in the trial court to the way his sentencing proceeded or to the sentences assessed.

We agree with the State. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (stating that, as general rule, appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in trial court); *Grays v. State*, 291 S.W.3d 555, 557 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("Typically, an appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court." (citing *Mercado*, 718 S.W.3d at 296)). Appellant's complaints about the trial court's arbitrary and unreasonable sentences and about the trial court's reliance on allegedly extra-record evidence were not raised at the time the trial court imposed appellant's sentences or in his motion for new trial. Therefore, he preserved nothing for our review. *See Holley v. State*, 167 S.W.3d 546, 549 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("There is no evidence in the record, nor does appellant point to any evidence, that he timely objected to the sentence. Therefore, appellant has waived these issues.").

Even if we were to reach the merits, we review a sentence imposed by the trial court for an abuse of discretion. *Buerger v. State*, 60 S.W.3d 358, 363 (Tex. App.— Houston [14th Dist.] 2001, pet. ref'd). "In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached." *Id.* at 364. Moreover, a trial court's assessment of a punishment that falls within the statutory limits is generally not susceptible to challenges based on its severity. *See id.* ("As a general rule, a penalty assessed within the proper punishment range will not be disturbed on appeal."); *see also Kim v. State*, 283 S.W.3d 473, 475–76 (Tex. App.— Fort Worth 2009, pet. ref'd) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."); *Holley*, 167 S.W.3d at 549 ("Texas courts repeatedly have held that a punishment within the statutory guidelines is not excessive, and United States Supreme Court precedent supports this proposition.").

Here, the permissible range of confinement for a third-degree felony (kidnapping) is two to ten years, and for a second-degree felony (aggravated assault) is two to twenty years. *See* Tex. Penal Code §§ 12.33, 12.34, 20.03(c), 22.02(b) (West 2017). The record reflects that the trial court considered the evidence and arguments presented before assessing punishments of ten years and twelve years, respectively. The trial court indicated that it wanted to take enough time "to read through the file before [it] made a decision" and it would "read through" and "consider[] everything." The trial court ultimately made the determination that it "cannot leave [appellant] on the streets" and "put [him] back on probation because . . . [he] won't take responsibility for making sure that [he] do[es]n't have additional issues." The trial court stated: "At this point, I feel like I have to protect the public."

7

We conclude appellant failed to demonstrate that the trial court abused its discretion. *See Buerger*, 60 S.W.3d at 363, 365.

We overrule appellant's second issue.

## D. Reformation of deferred adjudication order in trial court cause no. 63622

As the third issue of his kidnapping appeal, appellant complains that the order of deferred adjudication dated March 29, 2011, referenced within his judgment adjudicating guilt, reflects he pleaded guilty to third-degree felony kidnapping under section 20.04 of the Texas Penal Code. However, section 20.04 governs aggravated kidnapping, a first-degree felony. *Compare* Tex. Penal Code § 20.04(c) (West 2017), *with id.* § 20.03(c). The State concedes this appears to be a clerical error that this court has the authority to correct. *See* Tex. Rs. App. P. 43.2, 43.6. We agree.

We therefore sustain appellant's third issue in cause no. 14-17-00794-CV.

## III. CONCLUSION

Accordingly, in cause no. 63622, we reform the trial court's order of deferred adjudication to reflect that the "Statute for Offense" is "20.03" instead of "20.04." We affirm the judgment in cause no. 63622 as so reformed.

We affirm the trial court's judgment in cause no. 63543.


/s/  Marc W. Brown
    Justice


Panel consists of Justices Christopher, Jamison, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

8