**AFFIRM; and Opinion Filed February 27, 2014.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00430-CR**

**DAVID CARL SWINGLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-06-16**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

The trial court granted the State's motion to revoke unadjudicated probation and request for adjudication against appellant David Carl Swingle. Appellant appeals his adjudication of guilt.

In his first issue, he argues the evidence is legally insufficient to prove the State used due diligence in apprehending him after the capias was issued. Secondly, he argues the trial court erred by not conducting a separate punishment hearing before pronouncing his sentence. We affirm.

### Background

Around 11:30 p.m. on September 3, 2005, appellant was walking in Robertson Park. The police had received numerous complaints about criminal activity in this particular area.

Officer Stephen Nichols stopped appellant and asked him what he was doing. Appellant said he was flying a kite, which Officer Nichols found extremely odd given the time of night, the location, and the lack of wind. He also observed appellant acting nervously and sweating profusely. As Officer Nichols continued to question appellant, appellant changed his story and said he had lost his kite and was trying to find it.

Trooper Lance Amos approached appellant's car and shined his light inside. He observed a cooler and a plastic bag containing a white, powdery substance. It was later determined to be methamphetamine. Appellant was arrested and charged with possession of a controlled substance.

Appellant filed a motion to suppress, which the trial court denied.[1] Appellant then pleaded guilty and a finding of guilt was deferred. He was placed on community supervision for four years.

On October 9, 2006, the State filed a motion to revoke unadjudicated probation and requested final adjudication. The State asserted appellant violated conditions 2, 4, 10, 11, and 12 of his probation. These conditions specifically included his failure to pay certain fines, his failure to perform 250 hours of community supervision, and his failure to avoid the use of drugs. A capias was issued on October 12, 2006. Appellant's probation expired on or about June 12, 2010.

After his probation expired but before he was arrested, appellant began sending taunting emails to the trial judge, the Rockwall County District Attorney, the Dallas Morning News, and the FBI. In an email dated February 16, 2011, he referred to himself as "Your friendly neighborhood fugitive." He proclaimed he "might be the longest standing fugitive on record in Rockwall County history." He said he was "long gone" and "not in your backyard." He

---

[1] Appellant did not appeal the denial of his motion to suppress.

described the legal system as a joke and said he had "sailed the world, braved huge storms for what I believe."

He sent another email on June 29, 2011 in which he acknowledged an upcoming hearing on his case; however, he said "To turn myself in would be foolhardy." On September 29, 2011, he again informed the court he would not be attending a hearing scheduled for December 14, 2011 and sent the email to the court, the press, and the FBI.

His emails continued to describe the many legal injustices directed towards him and how he would not back down until the truth came out. In April of 2012, he said Rockwall County had "crossed swords with the wrong pirate, I do NOT negotiate with TERRORISTS!"

Appellant was finally arrested in Cameron County, Texas on November 8, 2012. The State filed an amended motion to revoke unadjudicated probation on January 2, 2013; however, during the motion to revoke hearing, the State abandoned its amended motion and proceeded on the original motion to revoke filed on October 9, 2006.

At the motion to revoke hearing, the State presented evidence that appellant failed to report to the probation department as required by the terms of his probation. The last time he reported was July 14, 2006. Further, the State presented evidence of a positive urinalysis for methamphetamine. The State also presented evidence that appellant had not paid certain required fees or completed his community service hours.

At the end of the hearing, the trial court found the allegations in the State's motion true and adjudicated appellant guilty of possession of a controlled substance. The trial court sentenced him to three years in the Texas Department of Criminal Justice.

## Due Diligence

In his first issue, appellant argues the evidence is legally insufficient to prove the State used due diligence in apprehending him after the capias was issued on its motion to adjudicate.

The State responds appellant relies on a defense not available to him under these facts. Furthermore, the State claims even if it failed to use due diligence, the trial court heard evidence of four other probation violations upon which it could have granted the motion to adjudicate.

We review the trial court's order revoking probation for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a probation revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Proof of a single violation is sufficient to support revocation. *Id.*

Appellant argues the State failed to use due diligence in apprehending him once the capias was issued. He cites *Peacock v. State*, 77 S.W.3d 285, 288 (Tex. Crim. App. 2002) for the proposition that "Due diligence can be shown by proof of reasonable investigative efforts made to apprehend the person sought," which he claims the State failed to show on the present facts. However, appellant fails to recognize the common law due diligence defense was replaced by a 2003 amendment to article 42.12 of the Texas Code of Criminal Procedure.

Article 42.12, section 24 of the Texas Code of Criminal Procedure provides that:

> For purposes of a hearing under Section 5(b) or 21(b-2), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (West Supp. 2013). By adding section 24, the legislature eliminated the common law due diligence defense and replaced it with the limited affirmative defense provided in section 24. *Garcia v. State*, 387 S.W.3d 20, 24 (Tex. Crim. App. 2012). The due diligence defense now applies only to two revocation allegations: failure to

–4–

report to an officer as directed and failure to remain within a specified place. *Id*.; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24.

Here, regardless of the State's failure to report violation against appellant, appellant has not challenged the sufficiency of the evidence to support any of the remaining four violations alleged by the State. Proof of a single violation will support revocation. *Greer*, 999 S.W.2d at 486. The State proved the four remaining violations, and the trial court could have based its order of adjudication on any one of them. Because the due diligence defense does not apply to the remaining violations, the trial court did not abuse its discretion by adjudicating guilt. *See Garcia*, 387 S.W.3d at 26. We overrule appellant's first issue.

### Failure to Conduct a Separate Punishment Hearing

In his second issue, appellant argues the trial court erred by failing to conduct a separate punishment hearing after it pronounced him guilty. The State responds appellant failed to preserve the issue and even if preserved, appellant was afforded the opportunity to present mitigating evidence during the hearing.

Appellant relies on *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (en banc) to argue that "when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment." The *Issa* court further held that based on article 42.12, section 5(b) a defendant is "*entitled* to a punishment hearing after the adjudication of guilt, and the trial court must allow the accused the opportunity to present evidence." *Id*. (emphasis in original); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2013).

At the conclusion of appellant's hearing, the trial court stated the following:

> With regard to the Motion to Adjudicate, based on the evidence that was presented here today, I find that the allegations in the motion are true. And as a result of that, I find you guilty of the offense of possession of a controlled substance in the amount of 1

> gram or more but less than 4 grams, and your sentence is set at
> three years in the Texas Department of Criminal Justice.

Appellant claims the trial court violated *Issa* because it pronounced him guilty and sentenced him "all in one breath."

Assuming appellant preserved his issue for review, we conclude the trial court did not err by failing to conduct a separate punishment hearing. *Issa* does not stand for the absolute right to a separate punishment hearing. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Instead, it requires the defendant to have the opportunity to present evidence in mitigation of punishment, if not afforded during adjudication. *Id.*

Here, the trial court gave appellant the opportunity to present mitigating evidence prior to adjudicating his guilt. Appellant argued he had never had any prior felony convictions. While he acknowledged he "may have been absconded for quite a while," he stayed out of trouble during that time. Prior to his arrest, he told the court he was gainfully employed as an aerospace engineer, took care of his family, and paid the bills. He argued "there's no reason to go for anything more than the minimum here, Your Honor." These matters had nothing to do with whether he violated any of the terms of his probation. Rather, it was mitigating evidence against punishment.

Thus, we conclude appellant was afforded an opportunity to present evidence in mitigation of punishment. It is immaterial that the presentation of this evidence occurred before the actual words of adjudication. *See Hardeman*, 1 S.W.3d at 691; *Willis v. State*, No. 05-08-01120-CR, 2009 WL 1140085, at *1 (Tex. App.—Dallas Apr. 28, 2009, no pet.) (not designated for publication). Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130430F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID CARL SWINGLE, Appellant

No. 05-13-00430-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 2-06-16.
Opinion delivered by Justice O'Neill.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE